HAPGOOD PLOW COMPANY, PLAINTIFF IN ERROR, V. ELISHA L. MARTIN AND GEORGE D. NOBLE, DEFENDANTS IN ERROR.

**Practice.** Upon the facts stated, *Held*, To be no error in the case, and the judgment affirmed.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

· THE case was one where Martin & Noble, defendants, made an agreement with plaintiff for the purchase of plows, which was carried out and an alleged settlement made by the agent of plaintiff and Noble, one of the defendants. Suit was brought to recover the amount due according to said settlement. Defendants plead payment, "that said defendants did, before the commencement of this suit, to-wit, on the — day of ——, A.D. 188–, pay to said plaintiff the sum of $—, in said petition demanded, together with all interest at that time due thereon," etc. Under this plea evidence of payment by delivery of notes and accounts was given. Verdict for defendants.

*John P. Maule*, for plaintiff in error.

*Rushton & Mathewson*, for defendants in error.

COBB, CH. J.

The main question presented by the record in this case is, whether the delivery by the defendants in error to the plaintiff in error of certain notes and accounts was made by them and received by the plaintiff in error as payment and in full satisfaction of its demand against them, or was made by them and received by it as collateral security for their indebtedness only.

This question seems to me to have been fairly submitted by the instructions of the court to the jury, and indeed no exceptions are taken to the instructions. The point is made that evidence of payment was not admissible under the pleadings; but upon this point I think the pleadings sufficient to let in evidence of payment. The authorities cited by counsel for defendants in error are ample upon that point. As to whether there was sufficient testimony of the loss of the letter from plaintiff in error to defendants in error to admit of the introduction of evidence of its contents, in all such cases a wide latitude of discretion must

necessarily be left to the trial court. It is, ordinarily, quite impossible to spread upon a bill of exceptions a sufficiently lucid statement of all the circumstances to enable a reviewing court to see with certainty that a trial court has abused this discretion. In this case it seems that the letter in question had been left with the county judge at the first trial. Those who had an interest in the preservation of that letter had a right to rely upon its being preserved by the county judge, and forwarded to the clerk of the district court with the papers in the case; or at all events it is evident that they did rely upon that; and it does not appear that defendants in error or their counsel were aware of the disappearance of the said letter until after the case was put upon trial. Such being the case, it does not appear but that all the search was made for the letter that could have been reasonably required.

Considerable stress is laid by plaintiff in error upon what it claims to be the presumption that whatever notes were turned over to plaintiff in error by defendants in error were delivered in accordance with the terms of the contract. It certainly makes no difference whether such presumption be held to have originally prevailed or not, if there were sufficient of them received by the plaintiff in error to balance the indebtedness of the defendants in error. This settlement and turning over of notes was between three and four years prior to the suit. The receipt and retention of such notes for that length of time, whether they were collected or collectible or not, was sufficient to raise the presumption that they were taken in payment.

Upon a review of the whole case, it seems to me that justice was done by the verdict of the jury, and that no sufficient reason is presented for the disturbance of such verdict. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.