CORA L. BISHOP, APPELLANT, . V. LINCOLN BASEBALL CLUB, APPELLEE.

FILED JUNE 18, 1915. No. 18149.

1. **Justice of the Peace: APPEAL: TIME TO FILE BOND.** The statutory period of ten days for filing an appeal bond in a case tried before a justice of the peace does not begin to run until the judgment is entered on the docket.

2. **Appeal: SECONDARY EVIDENCE.** In a jury trial in the district court, the sufficiency of the foundation for secondary evidence of the contents of a ledger is a question for the presiding judge, and his ruling will not be reversed on appeal unless an abuse of discretion is affirmatively shown.

APPEAL from the district court for Lancaster county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*John S. Bishop,* for appellant.

*Strode & Beghtol* and *F. M. Tyrrell, contra.*

ROSE, J.

This is a statutory proceeding against a garnishee to recover $48.55, the amount of an unpaid judgment, liability of defendant being based on the plea that the answer in garnishment is unsatisfactory. Rev. St. 1913, sec. 8385. The original suit was commenced before a justice of the peace. Plaintiff, on a claim for room rent, recovered a judgment against Wilkie Clark, a ball player, for $18 and costs. He appealed to the district court, where plaintiff again prevailed. The justice of the peace, however, had garnished the Lincoln Baseball Club, the employer of Clark, and the garnishee in its answer denied that it was indebted to him. The present action was instituted before a justice of the peace to recover from the garnishee the amount of its employee's indebtedness to plaintiff, on the ground that its answer is false. Plaintiff herein recovered judgment for the full amount of her claim, and defendant appealed to the district court. At the close of plaintiff's testimony, the district court directed a verdict in favor of defendant, and plaintiff has appealed to this court.

Two questions are presented, and it is first argued that the district court erred in overruling a motion by plaintiff to dismiss the appeal on the ground that the appeal bond was not filed within the statutory period of ten days from the rendition of the judgment. Rev. St. 1913, sec. 8452. The determination of this question depends on the date of the "rendition of the judgment" for the purpose of filing an appeal bond. On an envelope containing the papers in the case of the justice of the peace, after the trial before him, made the following note:

"June 25th, 1912.

"Judgment is hereby entered in the above entitled case in favor of Cora L. Bishop and against the Lincoln Base-

ball Club, a corporation, for the sum of $48.55 and costs of suit."

Afterward, the justice of the peace changed the figure "5" in the date line to "8," thus making it read "June 28, 1912." Judgment was entered on the docket of the justice of the peace June 28, 1912, but he subsequently sustained a motion by plaintiff to change the date of that entry to June 25, 1912. The appeal bond was filed within 10 days from June 28, 1912, and the district court refused to dismiss the appeal. Is the ruling correct? A justice of the peace is required to keep a public record in what is known as "the docket," but the statute makes no provision for entries on an envelope. The docket must contain, among other enumerated things, "the judgment of the justice, specifying the items of cost included, and the time when rendered." Rev. St. 1913, sec. 8532, subd. 10. The docket entry must be made at the time the judgment is rendered. Rev. St. 1913, sec. 8533. Judgments enforcing rights and authorizing the seizure of the property of litigants are not left to the uncertain memory of judicial officers or to memoranda prepared by them on loose papers. The constitutional right of appeal does not depend on changed dates inserted by justices of the peace in unofficial documents. The law does not recognize as a judicial record the unofficial minutes of a justice of the peace. *Beuerlein v. Hodges,* 10 N. Y. Supp. 505. According to statute, an appeal from a judgment of the district court must be commenced within six months "after the rendition of the judgment." Rev. St. 1913, sec. 8203. That provision was construed in *Bickel v. Dutcher,* 35 Neb. 761, overruling *Horn v. Miller,* 20 Neb. 98; the rule announced being: "The time within which an appeal may be taken from a decree of the district court does not begin to run until such decree has been entered of record, so that it is within the power of the appellant to comply with the statute regulating appeals, by filing in this court a certified transcript of the proceedings of the district court." In the opinion it was said: "But that the judgment must be made a matter of record in order to limit

the time for appeal is a proposition well sustained by authority."

By analogy, the time for filing an appeal bond in an action before a justice of the peace does not begin to run until the judgment is entered on the docket, the statute requiring such a bond to be filed within ten days "from the rendition of the judgment." Rev. St. 1913, sec. 8452. It follows that the trial court did not err in overruling the motion to dismiss the appeal.

The other proposition argued by plaintiff is assigned error in the refusal of the trial court to permit her to adduce secondary evidence showing the contents of the ledger account between defendant and Clark at the time of the garnishment. The account was in evidence before the justice of the peace, and the attorney for plaintiff testified that defendant's counsel took the ledger away. The latter, however, said it was left with the justice of the peace. Though plaintiff's attorney, prior to the trial before the justice of the peace, demanded an inspection of the ledger and obtained a copy of Clark's account, he did not serve on defendant a notice to produce the book in any court, but relied upon opposing counsel to produce it in the district court. While a subpœna *duces tecum* was served on the defendant's secretary, the record was not in his possession, and he said he was unable to find it in his office. As stated, there was proof that the ledger had been left with the justice of the peace, but he was not called as a witness. In searching for a missing record and in accounting for its loss, diligence is required to make secondary evidence available. *Samuelson v. Gale Mfg. Co.*, 1 Neb. (Unof.) 815; *Dempster Mill Mfg. Co. v. First Nat. Bank*, 49 Neb. 321. The last custodian should be produced as a witness. Jones, Evidence (2d ed.) sec. 213; *Myers v. Bealer*, 30 Neb. 280. The sufficiency of the foundation for secondary evidence is addressed to the discretion of the trial judge. *Hapgood Plow Co. v. Martin*, 16 Neb. 27; *Bradstreet v. Grand Island Banking Co.*, 89 Neb. 590. In the present case an abuse of discretion in rejecting sec-

ondary evidence of the contents of the ledger is not affirmatively shown.

AFFIRMED.

MORRISSEY, C. J., and HAMER, J., not sitting.