Motion to dismiss allowed September 27, rehearing denied November 15, second petition for rehearing denied November 22, 1921.

## PETERSON *v.* BEALS ET AL.

(201 Pac. 727.)

**Appeal and Error—Supreme Court has No Power to Amend Record of Court Below.**

1. The Supreme Court has no power to amend the record of the Circuit Court, and can only determine whether or not the Circuit Court erred in its decision.

**Appeal and Error—Official Record of Court Below Imports Absolute Verity as to Time of Entry of Judgment, and cannot be Contradicted by Affidavits.**

2. The official record of the court below imports absolute verity, and the recitals of a journal entry as to the day on which a judgment was entered cannot be contradicted by *ex parte* affidavits.

**Courts—"Vacation" Defined.**

3. The periods between the end of one term of court and the beginning of the next are called vacations.

**Appeal and Error — Appellate Court has No Jurisdiction Where Transcript not Filed Within Thirty Days.**

4. Under Section 554, Or. L., the Supreme Court acquires no jurisdiction of an appeal where appellant filed his transcript in the appellate court more than sixty days after rendition of the decree.

Denied November 15, 1921.

### ON PETITION FOR REHEARING.

(201 Pac. 727.)

On petition for rehearing.    REHEARING DENIED.

In Banc.

*Messrs. Mathison & Mannix* and *Mr. E. J. Clausen,* for the petition.

*Messrs. Botts & Winslow, contra.*

BURNETT, C. J.—In this case the defendants moved to dismiss the appeal of the plaintiff on the

ground that, as appears from the records in this cause, the decree herein was entered by the Circuit Court on April 14, 1921, and the notice of appeal was not served until June 17, 1921, or more than sixty days after the entry of the decree. The motion was sustained and the appeal was dismissed without an opinion. In his petition for a rehearing, the plaintiff endeavored to show by accompanying affidavits that the decree was not rendered on April 14, 1921, but on the later date of April 20th. In other words, he undertakes to make it appear by affidavits that the trial judge heard the cause in term time, took the matter under advisement and afterwards, on April 14, 1921, made findings of fact and conclusions of law together with a decree which he forwarded to the clerk of the court, who received it on April 20th and afterwards entered it in the journal. The essence of the plaintiff's endeavor is to make the authentic history of the proceedings rest partly on the official journal of the court and partly on *ex parte* affidavits of individuals.

The official transcript filed by the plaintiff on his appeal reads thus:

"Be it remembered, that heretofore on the 14th day of April, 1921, the same being a day of a regular term of the Circuit Court for the County of Tillamook and State of Oregon, there was made and entered of record, a decree in words and figures as follows, to wit."

Then follows the title of the court and cause, succeeded by these words: "Based on the findings of fact and conclusions of law heretofore made and entered in this cause it is by the court ordered and decreed," and this in turn is succeeded by the terms

of the decree, about which there is no dispute, ending with the date April 14, 1921, and the signature of the presiding judge. At the foot, after the signature of the judge, appear these words:

" 'Endorsed' filed April 20, 1921. H. S. Brimhall, Clerk, by Bernice E. Ripley, Deputy."

We thus have the official declaration of the custodian of the records of the Circuit Court, that the decree appealed from was made and entered of record on April 14, 1921, "the same being a day of a regular term of that court."

1, 2. In effect, the effort of the plaintiff in this petition for rehearing is to have this court treat this record as amended and upon that new showing to reverse our former ruling and overrule the motion to dismiss the appeal. The only question before us is, whether or not on the data at that time before us we ruled correctly in dismissing the appeal. We have no authority to amend the record of the Circuit Court. The only power this court has is to determine whether or not the Circuit Court erred in its decision, and even this we cannot do except upon an appeal regularly prosecuted in the manner prescribed in the statute upon appeals. Perforce, we must decide whether or not we have jurisdiction, and this we must do from the record presented by the appellant. As taugh in *Wolf* v. *Smith*, 6 Or. 73, he must bring into the appellate court a perfect record. Unless he does so, the latter tribunal does not gain jurisdiction. The official record of the court below imports absolute verity and, as said in *Hislop* v. *Moldenhauer*, 24 Or. 106 (32 Pac. 1026):

"The recitals of a journal entry as to the day on which a judgment is rendered cannot be contradicted

in the Supreme Court by a certified memorandum kept by the clerk of the trial court.''

In that case the plaintiff insisted that the judgment in question actually was taken in the Circuit Court on May 20, 1892, but owing to the neglect of counsel to furnish a proper entry for the clerk, it was written in the journal under date of May 24, 1892. Supporting his claim, the plaintiff produced the affidavit of the clerk corroborating his statement. The decision there held this to be incompetent, and ruled in effect that the journal entry is the conclusive and authoritative statement of the doings of the trial court.

In argument, the plaintiff assumes that the decree in question was entered in vacation. The statement is that the cause was heard on the merits on October 25, 1920, and was taken under advisement. But we have no record to show that to be the case. Neither is there any record for the assumption that the cause was decided in vacation. The terms of the Circuit Court in Tillamook County at the time this litigation was carried on were held on the first Monday in February, May and October. We have no statute defining the term ''vacation'' as applied to terms of court, like other states which have legislated on that subject. Hence we are remitted to the common-law definition of the term, viz.: ''The periods between the end of one term of court and the beginning of the next, are called 'vacations' '': *Von Schmidt* v. *Widber,* 99 Cal. 511 (34 Pac. 109). See other authorities cited in 8 Words & Phrases, 7265.

For aught that appears of record, the decree may have been rendered during the February term of the Circuit Court. Indeed, the transcript recites that April 14, 1921, was a day of a regular term of the

Circuit Court. We cannot presume that the decree was entered in vacation. Section 196, Or. L., declares, "If entered in vacation, the entry shall be entitled and dated substantially as follows"; then follows the form:

"State of Oregon, County of ——.  —— court for the county of ——. In vacation, after the —— term, A. D. ——.  —— the —— A. D. ——, as the fact may be, and such entry shall have the same effect as if entered in term time."

On the contrary, the presumption is, that if the entry had been made in vacation, it would have followed the form prescribed by the Code as here noted. The official utterance of the only one authorized to make the entry is that of the clerk, who declared it was entered in term time on April 14th.

Even if we could consider the question presented by the affidavits and so countenance an attack upon the record by that means, with the result that we should consider the record corrected, it would be too late at this time or even at the time the motion to dismiss was originally decided. Section 554, Or. L., says:

"Upon the appeal being perfected the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal; * * and after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise."

The mandatory language of the last clause, ''but not otherwise,'' effectually closes the door against the relief desired by the plaintiff on his appeal. He himself tendered the transcript showing that his appeal was taken more than sixty days after the rendition of the decree. Confessedly, the appeal was perfected when he filed his notice of appeal and undertaking, and the time had elapsed for the justification of sureties. That transcript did not confer jurisdiction upon this court. He has not complied with the provisions of the section just quoted, in that he has not lodged in this court within thirty days after perfection of his appeal, a transcript giving us sanction to consider his appeal. He cannot otherwise confer jurisdiction upon this court. The conclusion is, that the petition for rehearing must be denied.

REHEARING DENIED.    SECOND PETITION FOR RE-HEARING DENIED.