GOLDIE M. WHITE, APPELLANT, v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, APPELLEE.

FILED MARCH 28, 1922.    No. 22031.

1.  Insurance: STATUTES AND BY-LAWS: CONSTRUCTION. The fundamental principle and rule in the construction of a statute or by-law is to ascertain the intent of the body by which it was enacted or passed; and, if such intent is plainly and clearly expressed therein, there is no necessity or room for construction or interpretation.

2.  Statutes: PROVISO: CONSTRUCTION. A proviso should be construed as referring to what immediately precedes it only, unless a different intention is apparent from the act itself.

3.  Insurance: BY-LAW: AMENDMENT: CONSTRUCTION. The by-law set out in the opinion examined, and held that the amendment of 1917 thereto does not in any manner exempt a member who engages in the hazardous occupation of a brakeman on a railway freight train from paying the additional premium required by the original by-law, nor release him from the penalty, therein provided, for a failure to give notice of such change of occupation or to pay such additional premium.

APPEAL from the district court for Jefferson county: LEANDER M. PEMBERTON, JUDGE. Affirmed.

E. A. Wunder, for appellant.

*De E. Bradshaw, J. M. Sturdevant* and *Heasty & Barnes,* contra.

Heard before LETTON, DEAN and DAY, JJ., CLEMENTS (E. J.) and WELCH, District Judges.

CLEMENTS, District Judge.

This is an action on a beneficiary certificate. The petition is in the usual form. The defense pleaded in the answer is that assured changed his occupation to a more hazardous one without notice and without paying the additional premium required, and that thereby he was suspended and his certificate was null and void at the time of his death. The case was tried to the court without a jury, and a judgment rendered for the defendant. Plaintiff appeals.

The certificate sued on was, in 1913, issued by defendant to plaintiff's then husband, D. Webster Powell, who was at that time 22 years old and engaged in farming. The rate required and agreed to be paid for said insurance was 80 cents a month, which assured did pay until his death, which occurred on October 31, 1918. On August 7 next preceding his demise, he entered the employ of a railroad company as a freight train brakeman and continued in said employment to the time of his death. No notice was given defendant of this change of occupation, nor was any additional premium paid because of the greater hazard resulting therefrom.

Section 43 of defendant's by-laws, in force at the time said certificate was issued, is as follows: "Sec. 43. Persons engaged in the following occupations, to wit: (a) Marine divers, structural iron workers, conductors and brakemen on railway freight trains, locomotive engineers and firemen, switchmen, hostlers and other similar railway or steamship employees, excepting agents, office men and those engaged in employment not more hazardous; those employed in mines not otherwise prohibited; sailors on seas, electric linemen, employees in electric current gener-

ating plants and enlisted men in the army and navy during war, may be admitted to membership if accepted by the sovereign physician, but their certificates shall not exceed two thousand dollars each and their rate of assessment shall be thirty cents for each one thousand dollars of their beneficiary certificate in addition to the regular rate while so engaged in such hazardous occupations. (b) If a member engages in any of the occupations or business mentioned in this section he shall within thirty days notify the clerk of his camp of such change of occupation, and while so engaged in such occupation shall pay on each asesssment thirty cents for each one thousand dollars of his beneficiary certificate in addition to the regular rate. Any such member failing to notify the clerk and to make such payments as above provided shall stand suspended, and his beneficiary certificate shall be null and void."

In 1917 said section 43 was amended. Such section, after being so amended, was practically the same as the original section, with the following added thereto:

"Provided, that all members, officers and enlisted men, now in good standing in the society, enlisted in the army or navy in defense of the United States shall be exempt from the additional premium herein required, and provided further, the sovereign executive council is hereby authorized and empowered to ascertain and put into effect a rate of insurance which it may deem adequate and which shall apply only to members, officers and enlisted men of the army or navy, and to adjust and readjust same from time to time during the continuance of war in which the United States is engaged. Provided, such rate shall apply only to persons who hereafter join the Woodmen of the World, or to certificates of increase of insurance, or for reinstatement, and provided, further, that this provision shall take effect immediately upon its passage."

By the provisions of this section before it was amended, which became and were a part of the contract between said

Powell and the defendant, his failure to notify the defendant of his change of occupation and to pay the additional premium provided for caused him to stand suspended and his beneficiary certificate to be null and void at the time of his death.

To avoid this seemingly inevitable result, which would effectually prevent a recovery in this action, counsel for plaintiff contends that, by the 1917 amendment of said section, Powell was relieved of the payment of the additional premium required by said original section and therefore was not suspended or his certificate annulled for failure to comply with said provisions. He argues that said amended section should be construed so as to make the next to the last proviso of the amendment apply to the provisions of the original section, and to make the words "such rate," therein found, refer to the rate of assessment fixed in the first paragraph of said section to be paid by parties engaging in the hazardous occupations therein specified. After careful consideration we have unhesitatingly reached the conclusion that said by-law is not susceptible of the construction sought to be placed upon it by counsel.

"In construing by-laws, the courts make use of the same general rules as in construing statutes." Boisot, By-Laws, sec. 87. "To ascertain the intent of the legislature is the cardinal rule in the construction of statutes." *People v. Weston*, 3 Neb. 312. "The fundamental principle of statutory construction is ascertainment of the intent of the legislature." *State v. School District*, 99 Neb. 338. If the intention is plain there is no room for construction or interpretation. *Shellenberger v. Ransom*, 41 Neb. 631. "A proviso should be construed as referring to what immediately precedes it only, unless a different intention is apparent from the act itself." *School District v. Coleman*, 39 Neb. 391. 2 Sutherland (Lewis) Statutory Construction (2d ed.) sec. 352.

The first clause of said amendment, which is in the form of a proviso, provides that then existing members of the society in good standing then enlisted in the army and

navy of the United States shall be exempt from the additional premium required by the original section to be paid by members engaged in the hazardous occupations therein specified, among which were "enlisted men in the army and navy during the war." Members engaged in the other specified hazardous occupations are not referred to nor in any manner exempted from the additional premium required.

The second clause of the amendment provides that the executive council of the defendant shall ascertain and put into effect a *rate* of insurance which it may deem adequate and which shall apply only to members who are officers and enlisted men of the army or navy. Then follows the proviso relied upon by plaintiff, which is in the following words: "Provided, *such rate* shall apply only to persons who hereafter join the Woodmen of the World, or to certificates of increase of insurance, or for reinstatement."

If we apply the general rules of construction that a relative word or clause will be construed as referring to its nearest antecedent, and that a proviso should be construed as referring to what immediately precedes it only, unless a different interpretation is apparent from the act itself, it clearly appears that the proviso in question and the words "such rate" therein refer only to the rate of premium to be ascertained and put in effect for members enlisted in the army and navy, and has nothing whatever to do with the additional rate required of members engaged in any other occupation.

But we think that the language of said amendment is so plain and unambiguous and the purpose and intent of the defendant to thereby exempt its members then enlisted in the army and navy from the additional premium required by the original section, and not to in any manner relieve a member engaged in any of the other specified hazardous occupations from the payment of such premium, that it requires no construction or interpretation.

By the express terms of said by-law the failure of Powell to notify the defendant of his engaging in the hazardous

occupation of a brakeman on a railway freight train, or to pay the additional premium required, caused his suspension and his certificate to become null and void. The judgment of. the trial court was therefore right, and is

AFFIRMED.