S. J. LARSON ET AL., APPELLEES, V. ALFRED WEGNER ET AL., APPELLANTS.

FILED NOVEMBER 21, 1930.   NO. 27777.

*M. F. Harrington, George M. Harrington* and *J. F. Green,* for appellants.

*Peterson & Barta* and *F. S. Berry, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DAY, J.

This case is before the court upon a motion to require the clerk to file a transcript of the record as under date of October 18, 1930, which was the last day provided by statute for filing said transcript. It was, in fact, delivered to the clerk's office, October 20, 1930. The appellant fairly establishes by affidavits that the transcript was mailed at the post office at Creighton, Nebraska, on October 17, 1930, in time to reach Lincoln, the city in which the court is holden, on the same day; and that another mail train left Creighton, which should have brought it to Lincoln on the morning of October 18, 1930. The question presented to us is whether the failure of the United States mail to deliver the transcript entrusted to it in time for delivery, in the usual and regular course of the mails, excuses the failure of the appellant to file it within the time provided by statute.

The proceedings for invoking the appellate jurisdiction of the supreme court in civil cases is prescribed by section 9138, Comp. St. 1922. This section provides that the proceedings to obtain a review shall be by filing a transcript of the proceedings of the lower court within three months from the date of the final order, and that the filing of such transcript shall confer jurisdiction upon the supreme court. By this statute the legislature has made the filing of the transcript necessary to invest the court with jurisdiction. It has provided a time limit within which an appellant may thus invoke said jurisdiction. The rule is that, no transscript of the proceedings in the district court having been filed in this court within three months from the rendition of the final order, this court acquires no jurisdiction. This view was early adopted by this court. *Verges v. Roush,* 1

Neb. 113. It has been maintained through all the years in an unbroken line of decisions down to *State v. Amsberry,* 104 Neb. 273, and *Frazier v. Alexander,* 111 Neb. 294. The supreme court, except in those cases wherein original jurisdiction is specially conferred upon it by section 2, art V of the Constitution, exercises appellate jurisdiction only, and such appellate jurisdiction can only be conferred in the manner provided by statute. The great weight of authority in the United States is in accord with this rule, where similar statutes and constitutional provisions are in force. *Wehrs v. Sullivan,* 187 S. W. (Mo.) 825; *Hale v. Belgrade Co., Ltd.,* 74 Mont. 308; *Peterson v. Beals,* 102 Or. 245; *Coffee v. Harris,* 27 Wyo. 494; *Kudelle v. Vizzard Investment Co.,* 194 Ky. 604. See, also, 3 C. J. 1040, sec. 1032, and the exhaustive list of cases there cited.

The only exception that has been made to the above rule and the only excuse which has been held sufficient to entitle the appellant to a review of the judgment of the lower court in this state has been where the appellant was free from neglect and was prevented from having his appeal docketed by the appellate court within the statutory period through the neglect or failure of the proper officer to prepare the transcript. In such a case we have held that a party will not be deprived of his appeal. *Omaha Coal, Coke & Lime Co. v. Fay,* 37 Neb. 68; *Cheney v. Buckmaster,* 29 Neb. 420; *Continental Building & Loan Ass'n v. Mills,* 44 Neb. 136; *Drexel v. Reed,* 65 Neb. 231; *Sanders v. Nightengale,* 109 Neb. 667. This rule has been adopted by the court in the furtherance of justice. We have held that, where the appellant has done all things necessary, he cannot be deprived of his appeal by the negligence or fault of the officers of the court whose duty it is to prepare the transcript.

We have also held that, in the case of an appeal from the county court to the district court, where the appellant has done every thing required of him to perfect his appeal, and the statute makes it the duty of the county judge to file the transcript, his negligence in failing to do so does not deprive the appellant of the right of appeal.

*Drexel v. Reed, supra;* 3 C. J. 1072, sec. 1079. The rule is different, however, if it is only the duty of the county judge to prepare the transcript and the duty of the appellant to file the same. If the appellant in this case relies upon the county judge to file the same, he makes him his agent for that purpose, and the negligence of the county judge in filing or neglecting to file the transcript is that of the appellant. *Stewart v. Raper,* 85 Neb. 816; *Oppenheimer v. McClay,* 30 Neb. 654. See, also, Elliott, Appellate Procedure, p. 91 *et seq.* The rule applicable in these cases may be stated thus: If the delay in filing the transcript in the appellate court is caused without fault of the appellant solely by the act or omission of the court official charged with a duty in connection with the preparation and filing thereof, it may be filed after the expiration of the prescribed time. However, if the negligence of the appellant or his agent concurs with that of such a court official, it precludes an appeal. If the appellant relies upon the court official to file the necessary transcript and perfect an appeal, where said act is not the official duty of said official, he makes such official his agent for that purpose, and the negligence in filing or failing to file is that of appellant.

In the showing made in support of the motion in this case, there is no attempt to excuse the failure to file the transcript in this court within the time provided in the statute on account of the failure or negligence of the officer preparing the transcript. There is nothing to indicate that the transcript was not prepared promptly and without delay by the clerk of the district court. When the officer has prepared the transcript and delivered it to the appellant or his attorney, he has performed every official duty required of him by law. The appellant selected the United States mail for the purpose of transporting the transcript from Creighton, Nebraska, to the office of the clerk of the supreme court in Lincoln, Nebraska. It is stated in the affidavit, and we assume that it is the fact, from the time the transcript was deposited in the post-office at Creighton, Nebraska, there was ample time in the

usual course of the mail to deliver the same to the clerk of the supreme court within the time limit. The appellant had thus selected the United States mail as his agent to transport and deliver the transcript to the office of the clerk of the supreme court. The agent was selected by the appellant, and the negligence of the agent, if any, was the negligence of the appellant. We think this situation is analogous to that where the appellant constituted the county judge his agent to deliver a transcript to the clerk of the appellate court when the delivery of that transcript is not a duty by statute. Again, we have a situation analogous to that in *State v. Marsh, ante,* p. 287, in which Goss, C. J., decided, in a special statutory proceeding, that mailing was not equivalent to filing with an official where the statute provided the time within which this filing should be made.

The only excuse heretofore recognized by this court sufficient to excuse the appellant for failure to file a transcript has been the neglect of officers whose official duty it was to prepare that transcript. The showing made in this case does not bring it within the exception to the rule. The motion in this case ought to be denied upon the authority of *State v. Amsberry,* and *Frazier v. Alexander, supra.* In conformity to this conclusion, the motion requiring the clerk to file the transcript of the record as under date of October 18, 1930, is denied.

MOTION DENIED.