LENA DUERING, APPELLEE, V. VILLAGE OF UPLAND ET AL., APPELLANTS.

FILED DECEMBER 13, 1933. No. 28828.

*Crossman, Munger & Barton,* for appellants.

*Clarence A. Davis* and *Wilber S. Aten, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

DAY, J.

This is a compensation case. The employer, against whom an award was made by the compensation commissioner, attempted to appeal to the district court. The employer brings the case to this court to review the judgment of the district court dismissing the appeal from the award for that notice of intention to appeal was not filed with the compensation commissioner within seven days after the award, as provided by subdivision g, sec. 48-157, Comp. St. 1929.

The award of the compensation commissioner was made July 5, 1932, and the notice of intention to appeal was not filed in the compensation commissioner's office until July 16, 1932. Subdivision g, sec. 48-157, Comp. St. 1929, provides: "Every order and award of the compensation commissioner shall be binding upon each party at interest unless notice of intention to appeal to the district court has been filed with the compensation commissioner within seven days following the date of rendition of the order or award." This provision of the statute is unambiguous. It is the general rule that where the language is unambiguous the clearly expressed intent must be given effect and there is no reason for construction. *State v. Marsh,*

108 Neb. 267; *White v. Sovereign Camp, W. O. W.,* 108
Neb. 203; *Gibson v. Peterson,* 118 Neb. 218; *State v.
Marsh,* 119 Neb. 197. Award of compensation commissioner shall be binding upon each party and an appeal
to district court will not lie unless notice of intention to
appeal is filed with the compensation commissioner within
seven days following date of rendition of the award.

"The notice required to be filed with the compensation
commissioner within seven days after an award is intended to give information of the appeal to the opposing
party, and may be waived by him, where the petition for
review is filed in the district court within the time required by law." *Mucha v. Morris & Co.,* 105 Neb. 180.
This would seem to support the view heretofore expressed
that the notice of intention to appeal is necessary unless
waived. Has the notice been waived in this case?

The appellee (employee) has not waived the filing of
notice of appeal unless she did so by pleading the lack
of jurisdiction of the district court in her answer which
also denied liability. Thus the question of jurisdiction
was raised in an answer which also pleaded a substantive
defense. The petition or appeal to the district court did
not allege when or how the notice of the intention to
appeal was filed with the compensation commissioner.
It was not required to be pleaded by the statutes. The
rule has been well established by this court that objections
to jurisdiction which do not arise upon the summons, the
indorsement, or service thereof, or upon the face of the
petition, may be raised for the first time by answer in
connection with other defenses. *Hurlburt v. Palmer,* 39
Neb. 158; *Herbert v. Wortendyke,* 49 Neb. 182. "If
instead of answering he files a motion attacking the petition, he thereby waives the question of jurisdiction over
his person." *Williamson v. Williamson,* 120 Neb. 40. In
*Davis v. O'Hara,* 266 U. S. 314, 69 L. Ed. 303, the
supreme court of the United States reviewed the Nebraska decisions and reached the conclusion that "Where,
as in this case, the defects do not appear on the face of

the petition, objection to jurisdiction over the person of the defendant and over the subject-matter of the action may be taken by answer setting up defenses on the merits, without or after prior objection by special appearance and motion." Citing *Hurlburt v. Palmer, supra;* *Kyd v. Exchange Bank of Cortland,* 56 Neb. 557; *Baker v. Union Stock Yards Nat. Bank,* 63 Neb. 801; *Templin v. Kimsey,* 74 Neb. 614. Under the authorities cited, there was no waiver in this case.

The appellant (employer) insists that subdivision g, sec. 48-157, Comp. St. 1929, is repugnant and inconsistent with section 48-137, Comp. St. 1929. For convenient comparison, we again quote subdivision g, sec. 48-157, Comp. St. 1929: "Every order and award of the compensation commissioner shall be binding upon each party at interest unless notice of intention to appeal to the district court has been filed with the compensation commissioner within seven days following the date of rendition of the order or award." Section 48-137, Comp. St. 1929, has this proviso: "Provided, however, if either party appeals from the award of the compensation commissioner notice of the appeal shall be given to the commissioner and the petition on appeal filed in the district court within fourteen days from the date of the award." The latter section was amended, as to the number of days in which notice must be given and an appeal filed, in 1929. Laws 1929, ch. 81, sec. 1. This section as amended was enacted subsequent to the enactment of subdivision g, sec. 48-157, Comp. St. 1929, in its present form.

Section 48-157, Comp. St. 1929, was passed by the legislature in 1917 (Laws 1917, ch. 85, sec. 29) and has never been changed or amended. Section 48-137, Comp. St. 1929, was originally enacted by the legislature in 1913 (Laws 1913, ch. 198, sec. 37), when it provided for an appeal to the district court and that the award of the compensation commissioner was final unless an appeal was taken which reversed and modified it. It was amended (Laws 1917, ch. 85, sec. 13) to provide for appeals

without any provision as to time. Again, it was amended (Laws 1919, ch. 91, sec. 5) in its present form except that the notice of appeal and the petition should be filed within seven days. It was again amended (Laws 1929, ch. 81, sec. 1) which changed the time from seven days to fourteen days.

Appeals from the compensation commissioner to the district court and the procedure are provided by sections 48-137, 48-139, and 48-157, Comp. St. 1929, and these sections must be construed together. Section 48-157, Comp. St. 1929, provides for procedure before the compensation commissioner and provides that an award shall be binding unless notice of intention to appeal be filed within seven days. Section 48-137, Comp. St. 1929, provides where the appeal shall be taken and when and how: (1) That notice shall be given to the compensation commissioner; and (2) that the petition on appeal shall be filed in the district court within fourteen days of the date of award. The provision in section 48-157, Comp. St. 1929, is a specific provision relating to requirement that notice be filed with the compensation commissioner. Following the familiar rule that statutes should be so construed that every part shall stand and reconcile the provisions if possible so as to make them consistent and harmonious (*State v. Coupe,* 91 Neb. 463; *West Nebraska Land Co. v. Eslick,* 102 Neb. 761; *Rohde v. Wayne Circuit Judge,* 168 Mich. 683) it is held that the provision of section 48-157, Comp. St. 1929, is not in conflict with section 48-137, Comp. St. 1929. The notice required to appeal from an award of the compensation commissioner to the district court must be filed within seven days of the award (Comp. St. 1929, sec. 48-157) and the petition on appeal in the district court must be filed within fourteen days (Comp. St. 1929, sec. 48-137).

The trial court was not in error in dismissing the appeal from the award of the compensation commissioner for that notice of intention to appeal was not filed within seven days.

AFFIRMED.