664

FLOYD SWANSON, APPELLANT, V. VILLAGE OF SHICKLEY
ET AL., APPELLEES.

FILED DECEMBER 13, 1933. No. 28888.

*Sloans, Keenan & Corbitt,* for appellant.

*Crossman, Munger & Barton, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and
PAINE, JJ., and SHEPHERD, District Judge.

DAY, J.

This is a compensation case which was argued at the
same session as *Duering v. Village of Upland, ante,* p. 659.
The notice in that case was not given within seven days
from the order of the compensation commissioner. The
defendant (employer) filed a special appearance challeng-
ing the jurisdiction of the court, because the notice of
intention to appeal had not been filed with the compen-
sation commissioner within seven days as provided by
subdivision g, sec. 48-157, Comp. St. 1929. The intention
of the legislature as gleaned from the entire compensation
act is that cases arising under it may be speedily de-
termined. To accomplish this purpose, the legislature has
the power to limit the time within which an appeal may
be taken. 3 C. J. 1040. Since the power resides in the
legislature, the language used is unequivocal and unam-
biguous: "Every order and award * * * shall be bind-
ing * * * unless notice of intention to appeal * * * has
been filed with the compensation commissioner within
seven days."

Much is said in the brief about the required notice
being posted within the seven days. Posting is not filing
within the meaning of the statute. *State v. Marsh,* 120

Neb. 287; *State v. Marsh,* 120 Neb. 296; *Larson v. Wegner,* 120 Neb. 449.

Other questions raised here are identical with those disposed of in *Duering v. Village of Upland, supra,* and, in conformity to that opinion, it follows that the trial court was right in sustaining the special appearance.

AFFIRMED.