John G. Dolner, appellant, v. Peter Kiewit & Sons
Company, appellee.

9 N. W. (2d) 483

Filed May 14, 1943. No. 31603.

*Anson H. Bigelow,* for appellant.

*Kennedy, Holland, DeLacy & Svoboda* and *Edwin Cassem, contra.*

Heard before Simmons, C. J., Paine, Carter, Messmore, Yeager, Chappell and Wenke, JJ.

Simmons, C. J.

Plaintiff filed his petition for compensation under the workmen's compensation act, issues were made up and hearing had before one of the judges of the compensation court, who on February 15, 1940, dismissed plaintiff's petition on the ground that the evidence was insufficient to sustain a finding in plaintiff's favor. Plaintiff made application for rehearing which was dismissed by the compensation court on the ground that it was without jurisdiction to hear said cause on rehearing. Plaintiff then filed a motion for reinstatement, hearing was had on that motion by the compensation court and reinstatement denied. Plaintiff appealed to the district court, where plaintiff's action was again dismissed. Plaintiff appeals here. We sustain the judgment of the district court.

There is some dispute in the evidence given in the compensation court as to exactly what happened in plaintiff's attempt to file application for a rehearing. However, plain-

tiff set the matter out in his petition in the district court, and his allegations being admitted, that version of the facts is here followed.

At the hearing before the one judge, plaintiff was represented by two members of the Omaha bar, who withdrew from the case "two days before the expiration of the fourteen days allowed to file application for rehearing" and plaintiff's present counsel was employed. A petition for rehearing was prepared on February 29, 1940, the fourteenth day after the order of dismissal. Counsel on that day, "in order to make sure that he would be able to file said petition for rehearing within the time limited by law," telephoned from Omaha to the compensation court at Lincoln; advised them that he would be unable to reach Lincoln before the usual closing hour and asked if and how a filing could be made after office hours; he was told that it could be done and how; he then asked if there was any way that a filing could be made without a trip to Lincoln; counsel was advised that the presiding judge expected to be in Omaha and that if the petition was brought to the courtroom of the compensation court in Omaha before 4 p. m. "the clerk would be there and take the filing, if it got there." The petition was left at that place with an employee described as "clerk in charge;" the judge did not arrive in Omaha at that place during office hours; did not get the petition and it was forwarded to Lincoln and filed March 1, 1940, on the fifteenth day. Thereafter the compensation court entered the dismissal order, and the subsequent proceedings were had. Plaintiff contends that this was a sufficient filing.

The compensation courtroom, referred to as located in Omaha, is one which the county is required to provide for the accommodation of the "compensation court or any member thereof." Comp. St. Supp. 1941, sec. 26-108. It is not the office of the compensation court as is well known to every one acquainted with the business of the compensation court. The duties and responsibilities of the employees there are not shown. Section 46-168, Comp. St. Supp. 1941,

provides for the office of a clerk of the compensation court and makes that official the keeper of the records of the proceedings of the court. Section 48-157 (d), Comp. St. Supp. 1941, provides that the "compensation court shall keep and maintain a full and true record of all proceedings, of all documents or papers ordered filed, of all rules and regulations, of all decisions or orders." That the office of the clerk of the compensation court is located in Lincoln is likewise well known, and plaintiff's attorney shows that he knew that fact.

The statutes also provide: "When proceedings are had before a judge of said court, his findings, orders, awards and judgments *shall be conclusive upon all parties at interest* unless reversed or modified upon appeal as hereinafter provided. (5) Either party at interest who refuses to accept the findings, order, award or judgment of the said judge may, *within fourteen days after the date thereof,* file with the said court an application for a rehearing, plainly stating the errors on which such party relies for reversal or modification." (Emphasis supplied.) Comp. St. Supp. 1941, sec. 48-174.

It is patent that plaintiff's counsel recognized that the filing was required to be made with the compensation court in Lincoln and on or before February 29.

· The most that can be said for the plaintiff is that he undertook to make a judge of the compensation court, and some of its employees, his agents in making a proper filing. The failure to make a timely filing was plaintiff's, as no negligence of the officials or failure to perform any duty is shown. See *Larson v. Wegner,* 120 Neb. 449, 233 N. W. 253; *Jolliffe v. City of North Platte,* 139 Neb. 431, 297 N. W. 666. The judgment of the district court and the compensation court must be affirmed unless, as plaintiff also seems to contend, the failure to make timely filing is not jurisdictional.

It is clear by statute that the award of the one judge "shall be conclusive upon all parties at interest," unless the parties take the statutory steps to secure a rehearing or

appeal. The mandatory "shall" is used in the first instance. The permissive "may" is used as to the matters in which the parties have a right of election.

The failure to file the application for rehearing within the statutory 14-day period caused the order of dismissal of the compensation judge to become "conclusive upon all parties at interest." See *Duering v. Village of Upland*, 125 Neb. 659, 251 N. W. 819; *Swanson v. Village of Shickley*, 125 Neb. 664, 251 N. W. 821.

The judgment of the district court is affirmed.

AFFIRMED.