ALBERT R. DRIER, APPELLEE, V. KNOWLES VANS, INC., APPELLANT.

14 N. W. 2d 222

FILED APRIL 21, 1944. No. 31765.

*S. L. Winters,* for appellant.

*Harry A. Spencer, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

This is an appeal from the judgment of the district court

dismissing an appeal from justice court because of the failure of appellant to file the required bond in time. We affirm the judgment of the trial court.

The transcript of the proceedings in the justice court, filed in the district court, recited that plaintiff filed his bill of particulars praying judgment against the defendant for the sum of $96.35 and costs, including an attorney's fee. Trial was had on September 2, 1943. Plaintiff and defendant offered testimony, and the cause was taken "under advisement until September 3rd." On September 3 judgment was entered for the plaintiff for $65, costs and attorney's fee. The transcript further recited that a bond for appeal was received by mail September 14, too late "for approving" because received more than ten days after the judgment was rendered. The transcript further recited that I am filing said bond, but this court cannot approve said bond, hereby disapprove same, but include said bond, with all other papers, filed in this case."

Plaintiff thereafter filed a motion to dismiss the appeal because the bond was not approved, because it was filed more than ten days after the judgment was rendered, and the judgment of the justice court had become absolute.

Defendant resisted the motion to dismiss on the grounds that the justice had found the bond satisfactory, except as to filing date; that the postal authorities had not delivered the bond to the right address; that the record should show that the court at the close of the trial had announced he would decide the case on September 4; that on September 4 plaintiff's attorney wrote the defendant's attorney that the justice "advised me today" that he had rendered judgment and that the plaintiff's attorney was so advising in order that defendant "would have ample time to appeal;" that the defendant's attorney received the letter on September 7, the 6th being a holiday; that a bond was secured and mailed to the justice on September 10; that defendant's attorney did not know the street address of the justice; that Mr. Knowles was "out of town on business" and it was impossible to obtain the street address of the justice, so the letter was ad-

dressed to "Judge Woolsey, Justice of the Peace, Lancaster County, Lincoln, Nebraska;" that the postal authorities first delivered it to the wrong address and finally to the justice on September 14; then followed a recital of correspondence with the justice and plaintiff's attorney occurring subsequent to September 14, from which it is claimed that the judge had advised defendant's attorney that the bond "was satisfactory" but "it came too late," and that the attorneys had understood that the judge "agreed" to decide the case on September 4 (the plaintiff's attorney's letter says "by September 4th") and had decided it on the 3d; that the attorney for plaintiff admitted he was partly to blame in not advising that the case was decided on September 3, but had written under the impression that the judge had decided it on the 4th; and that plaintiff's attorney had suggested that a transcript be had and "if there be any contest on this point" that it be had in district court. Defendant contends that the fault was with the justice, and plaintiff's attorney and the postal authorities, and not the defendant. In his objections, defendant suggests a diminution of the record. He, however, did not offer a supplemental transcript in the district court and does not here assign any error in that regard.

A hearing was had on the motion. A "bill of exceptions" was prepared by defendant's attorney, consisting of the series of letters referred to in the objections and copies of the affidavits attached to the objections. The trial court certified that the letters "were, at least read to the court, at the arguments and contents all considered in reaching a decision on the motion to dismiss." Without determining the sufficiency of this record to constitute a bill of exceptions, we will consider the exhibits as properly before us.

The defendant, having filed in the district court a transcript of the justice court proceedings, sought in the district court to impeach that transcript. The transcript recited that the case was taken under advisement until September 3, and then decided, and that the justice disapproved the bond when tendered because it was presented out of time.

The established rule is that the record of the trial court in all appellate proceedings imports absolute verity. If such record is incomplete or incorrect, the remedy is by appropriate proceedings to secure a correction thereof in the trial court. *Omaha Loan & Trust Co. v. Hogeboom,* 47 Neb. 7, 66 N. W. 14; *Lippincott v. Lippincott, ante,* p. 486, 13 N. W. 2d 721. This rule applies to proceedings in the justice of peace courts. *People's Bldg. Loan & Savings Assn. v. Cook,* 63 Neb. 437, 88 N. W. 763.

The statute applicable here is: "The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety, to be approved by such justice, * * * ." Comp. St. 1929, sec. 21-1302. This period begins to run when the judgment is entered on the docket. *Bishop v. Lincoln Baseball Club,* 98 Neb. 558, 153 N. W. 586. A case removed to the district court from a judgment of a justice of the peace is rightly dismissed if the appellant, by reason of his own laches, failed to file an appeal bond within the time limited by statute for that purpose. The statute is mandatory. The giving of the appeal bond is essential to confer jurisdiction of the cause upon the appellate court. *Security Mutual Life Ins. Co. v. Gilliam,* 143 Neb. 673, 10 N. W. 2d 670, and decisions there cited.

The fault here does not lie with the justice of the peace; neither was it with the plaintiff's attorney. He, when advised of the decision, promptly and voluntarily wrote the defendant's attorney of the date when he had been told of the decision, not the date when the decision was rendered. He did this not to prevent an appeal, but to facilitate appeal, if defendant desired to make it. There was ample time after that notice was received for defendant to determine when the time began to run. He made no inquiry. He took three days to prepare and mail a bond. There was still ample time to present the bond. It was not the fault of the justice of the peace, nor of the plaintiff's attorney, that Mr. Knowles was out of town on other business, that defendant elected to send the bond to the justice in the mails,

and that defendant's attorney did not know the street address of the justice and used a general address. The defendant made the mails his agent to transport and deliver the bond to the justice of the peace court. Under similar circumstances, this court said: "The agent was selected by the appellant, and the negligence of the agent, if any, was the negligence of the appellant." *Larson v. Wegner*, 120 Neb. 449, 233 N. W. 253. Having so selected his agent, he placed the burden upon that agent to search out and find the justice in Lincoln, Nebraska. The agent performed the task, but too late. The delay here was occasioned by the defendant's laches in proceeding as he did.

The district court rightly dismissed the appeal. Its judgment is affirmed.

AFFIRMED.