MELVIN SCHMIDT, APPELLANT, V. SHOFTSTALL ALFALFA ET AL.,
APPELLEES.

475 N.W.2d 523

Filed October 11, 1991.   No. 90-900.

Richard L. Alexander, of Alexander Alexander & Alexander, for appellant.

Richard R. Endacott, of Knudsen, Berkheimer, Richardson & Endacott, for appellees.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The plaintiff, Melvin Schmidt, has appealed from the order of the Workers' Compensation Court dismissing his application for rehearing.

The record shows that following a hearing before a single judge of the Workers' Compensation Court, the plaintiff's petition for compensation was dismissed on June 18, 1990. On July 3, 1990, the plaintiff filed an application for rehearing in the compensation court.

Neb. Rev. Stat. § 48-179 (Reissue 1988) requires that applications for rehearing must be filed within 14 days after the date of the order of the single judge of the compensation court. In this case the application for rehearing was filed on the 15th day after the order of the single judge and thus was out of time. As stated in *Dolner v. Peter Kiewit & Sons Co.*, 143 Neb. 384, 387, 9 N.W.2d 483, 485 (1943):

The failure to file the application for rehearing within the statutory 14-day period caused the order of dismissal of the compensation judge to become "conclusive upon all parties at interest." See *Duering v. Village of Upland*, 125 Neb. 659, 251 N.W. 819; *Swanson v. Village of Shickley*, 125 Neb. 664, 251 N.W. 821.

The plaintiff contends, however, that a plaintiff may appeal directly to this court from the order of a single judge and he was not required to first request a rehearing before a three-judge panel of the compensation court.

There are no provisions in the statutes for a direct appeal to this court from the order of a single judge nor any procedures for such an appeal. Neb. Rev. Stat. § 48-182 (Reissue 1988) states that a party in interest may appeal to this court after rehearing within 30 days of the compensation court's order on rehearing. It does not provide for an appeal to this court from the order of a single judge.

Neb. Rev. Stat. § 48-185 (Reissue 1988) provides the procedure for appeal to this court from the compensation court. It states:

> Any appeal from the judgment of the Nebraska Workers' Compensation Court after a rehearing shall be prosecuted and the procedure . . . shall be in accordance with the general laws of the state and procedures regulating appeals in actions at law from the district courts to the Supreme Court . . . . The proceedings to obtain a reversal, vacation, or modification of judgments, awards, or final orders made by the compensation court after a rehearing shall be by filing in the office of the clerk of the Nebraska Workers' Compensation Court within thirty days after the rendition of such judgment or decree, or the making of such final order, a notice of intention to prosecute such appeal . . . .

The statutory provisions are clear that any party who refuses to accept the ruling of the single judge after the original hearing may file an application for rehearing before a three-judge panel within 14 days after the date of the single judge's order. If a claimant does not file an application for a rehearing with the compensation court within 14 days after the date of the single

judge's order, the order becomes conclusive and final. See, Neb. Rev. Stat. § 48-170 (Reissue 1988); *Dolner v. Peter Kiewit & Sons Co., supra.*

Because the plaintiff failed to file his application for rehearing within the 14-day period provided in § 48-179, the three-judge panel was without jurisdiction to hear the case, and the compensation court did not err by dismissing his application.

The judgment is affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.