MATILDE LOPEZ, APPELLEE, V.
IBP, INC., APPELLANT.
646 N.W.2d 628

Filed July 5, 2002.   No. S-01-1281.

Terry R. Wittler, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., and John M. Guthery, of Perry, Guthery, Haase & Gessford, P.C., L.L.O., for appellant.

Todd Bennett, of Rehm Bennett Law Firm, for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

IBP, inc., appeals from the order of a three-judge review panel of the Nebraska Workers' Compensation Court, which dismissed IBP's application for review for lack of jurisdiction because it was not timely filed.

## FACTUAL BACKGROUND

On June 3, 1999, Matilde Lopez filed a petition against IBP in the Workers' Compensation Court. A hearing was held, and on October 26, 2000, a single judge of the Workers' Compensation Court entered an award in favor of Lopez. IBP had until November 9 to file its application for review of the October 26 order because Neb. Rev. Stat. § 48-170 (Cum. Supp. 2000) provides, "Every order and award of a single judge of the Nebraska Workers' Compensation Court shall be binding upon each party at interest unless an application for review has been filed with the compensation court within fourteen days after the date of entry of the order or award."

On November 8, 2000, IBP's counsel sent, from Dakota City, Nebraska, IBP's application for review via United Parcel Service (UPS) next day air delivery. IBP directed UPS to deliver the document to " 'State of Nebraska, Workers' Compensation Court, State Capitol Building, Lincoln, Nebraska 68509-8908.' "

As of March 1, 2000, the clerk's office for the Workers' Compensation Court had been temporarily moved from the State Capitol Building to the Old Federal Building located at 129 North 10th Street in Lincoln, Nebraska, because the offices in the State Capitol Building were undergoing renovation. When UPS attempted to deliver IBP's application for review to the State Capitol at 9:53 a.m. on November 9, UPS was informed that the Workers' Compensation Court had been relocated. UPS did not determine the court's relocated address until 5:29 p.m. on November 9 and did not deliver IBP's application for review that day. UPS was not able to deliver IBP's application on Friday, November 10, because state offices were closed in observance of Veterans' Day, a legal holiday. It was not until Monday, November 13, that UPS delivered IBP's application for review to the clerk's office of the Workers' Compensation Court at its relocated address. The application was received and file stamped that same day.

On November 22, 2000, IBP filed a "Defendant's Motion to Accept Appeal as Timely" and Lopez filed a "Motion to Quash Appeal." On November 27, a hearing was held by a single judge of the Workers' Compensation Court regarding the motions filed by IBP and Lopez. On December 5, the single judge sustained

Lopez' motion and dismissed IBP's application for review for lack of jurisdiction. The judge determined that IBP's application for review was not filed within 14 days of the entry of the award as required by § 48-170.

On December 19, 2000, IBP appealed the December 5 order, arguing that the single judge erred in finding that the court did not have jurisdiction and in failing to refer the motions filed by IBP and Lopez to a three-judge review panel for its decision. Additionally, on January 2, 2001, IBP filed a " 'protective appeal' " to the Nebraska Court of Appeals "because the [December 5] order purported to dismiss an application for review by a 3 member panel and was therefore arguably a final, appealable order." Brief for appellant at 6. On February 20, the Court of Appeals dismissed the appeal for lack of jurisdiction pursuant to Neb. Ct. R. of Prac. 7A(2) (rev. 2000). See *Lopez v. IBP, inc.*, 9 Neb. App. lxiv (No. A-01-108, Feb. 20, 2001).

Thereafter, on May 22, 2001, a hearing was held before a three-judge review panel regarding the December 5, 2000, order. On June 1, 2001, the review panel determined that the single judge lacked jurisdiction to consider IBP's and Lopez' motions and to enter the December 5, 2000, order. The panel concluded that the motions should receive a hearing before a three-judge review panel.

A hearing was held before a three-judge review panel on August 29, 2001. The sole evidence presented at the hearing was exhibit 1, a stipulation by the parties as to the relevant facts. Exhibit 1 had several exhibits attached to it as follows: (1) a copy of the UPS shipping receipt dated November 8, 2000, for IBP's application for review, (2) a copy of an envelope and letter sent from the Workers' Compensation Court to IBP's counsel, (3) a copy of the relocation notice from the Workers' Compensation Court that was included with every mailing from the clerk of that court for several weeks before and after the court's relocation in March 2000, (4) copies of the call for the Workers' Compensation Court from March 22, 2000, through January 24, 2001, (5) a copy of the relocation notice which was posted on the Workers' Compensation Court Internet Web site, (6) a copy of the UPS tracking record for IBP's application for review, and (7) copies of a preface to the Nebraska Workers'

Compensation Act and Workers' Comp. Ct. R. of Proc. 1 and 2 (2000). On October 16, 2001, the review panel entered its order determining that it did not have jurisdiction over IBP's application for review because it was not timely filed. The panel dismissed IBP's appeal.

On November 2, 2001, IBP appealed to the Court of Appeals. We moved this case to our docket pursuant to our power to regulate the Court of Appeals' caseload and that of this court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENT OF ERROR

IBP assigns, rephrased and summarized, that the review panel of the Workers' Compensation Court erred in determining that IBP's delivery of its application for review to the State Capitol Building on November 9, 2000, was not sufficient to confer jurisdiction upon the review panel.

## STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Douglas Cty. Bd. of Comrs. v. Civil Serv. Comm.*, 263 Neb. 544, 641 N.W.2d 55 (2002); *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999).

■ An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Green v. Drivers Mgmt., Inc.*, 263 Neb. 197, 639 N.W.2d 94 (2002); *Rodriguez v. Monfort, Inc.*, 262 Neb. 800, 635 N.W.2d 439 (2001).

## ANALYSIS

IBP asserts that the three-judge review panel erred in dismissing IBP's appeal for lack of jurisdiction based on its determination that IBP's application for review was untimely filed with the clerk of the Workers' Compensation Court. IBP claims that delivery of its application for review to the State Capitol on November 9, 2000, would have been sufficient to confer jurisdiction upon the Workers' Compensation Court if the clerk of the court had fulfilled his or her statutory duty to have the clerk's office located in the State Capitol Building. IBP states, "Under the undisputed facts, it is clear that this appeal would have been timely filed but

for the fact that the Clerk was not present at the office's official location." Brief for appellant at 12.

In support of its argument, IBP relies primarily on § 48-170 and Neb. Rev. Stat. § 48-167 (Reissue 1998). Section 48-170 states, "Every order and award of a single judge of the Nebraska Workers' Compensation Court shall be binding upon each party at interest unless an application for review has been filed with the compensation court within fourteen days after the date of entry of the order or award." Section 48-167 states, "The Nebraska Workers' Compensation Court shall keep and maintain, in its office at the State Capitol, full and true record of all proceedings, documents, or papers ordered filed, rules and regulations, and decisions or orders." In addition, IBP cites Workers' Compensation Court rules of procedure 1 and 2 and a preface to the Nebraska Workers' Compensation Act. Rule 1 states:

> The office of the Nebraska Workers' Compensation Court shall be deemed to be in the State Capitol Building, Lincoln, Nebraska.
>
> Hearings or review hearings in compensation cases may be held at any other place within the State as provided by statute, but no such other place shall be deemed to be an office or branch office of the court.

Rule 2 states, in relevant part: "No paper or pleading regarding a proceeding of the Nebraska Workers' Compensation Court shall be deemed to be filed with the court until the same has been received and recorded by the clerk of said court at the office of the court in Lincoln."

The preface, as contained in the parties' stipulation of facts, states in relevant part:

> Attention is called to the fact that the situs of the compensation court is in the Capitol building at Lincoln, Nebraska, and all filings of every kind and nature must be filed with the court at that place. The date of filing is the date on which the filings are received by the clerk. (Dolner v. Peter Kiewit & Sons Co., 143 Neb. 384, 9 N.W.2d 483.)

IBP argues that taken together, §§ 48-167 and 48-170 and the Workers' Compensation Court rules of procedure make it clear that all applications for review must be filed in the clerk's office of the Workers' Compensation Court in the State Capitol Building

within 14 days of the entry of the award. IBP maintains that it complied with these provisions when it presented an application for review at the State Capitol on November 9, 2000. It argues that its application should not be considered untimely when the delay in filing resulted from the clerk's failure to be at his or her statutorily required location during normal business hours.

Section 48-170 is clear that any party who wishes to appeal the order of a single judge of the Nebraska Workers' Compensation Court shall file an application for rehearing before a three-judge panel within 14 days after the date of the single judge's order. See *Schmidt v. Shoftstall Alfalfa,* 239 Neb. 248, 475 N.W.2d 523 (1991). If a claimant does not file an application for a rehearing with the compensation court within 14 days after the date of the single judge's order, the order becomes conclusive and final. *Id.*

This court has recognized an exception that allows an appellate court to consider an appeal filed after the statutorily prescribed time for appeal. This exception was discussed in *Larson v. Wegner,* 120 Neb. 449, 451-52, 233 N.W. 253, 254 (1930), in which we stated:

The only exception that has been made to the above rule and the only excuse which has been held sufficient to entitle the appellant to a review of the judgment of the lower court in this state has been *where the appellant was free from neglect* and was prevented from having his appeal docketed by the appellate court within the statutory period through the neglect or failure of the proper officer to prepare the transcript. . . .

. . . The rule applicable in these cases may be stated thus: If the delay in filing the transcript in the appellate court is *caused without fault of the appellant solely by the act or omission of the court official charged with a duty* in connection with the preparation and filing thereof, it may be filed after the expiration of the prescribed time. *However, if the negligence of the appellant or his agent concurs with that of such a court official, it precludes an appeal.*

(Emphasis supplied.) See, also, *Dolner v. Peter Kiewit & Sons Co.,* 143 Neb. 384, 386, 9 N.W.2d 483, 484 (1943) (workers' compensation case where "[t]he failure to make a timely filing

was plaintiff's, as no negligence of the officials or failure to perform any duty [was] shown").

We must conclude that Lopez' award became "binding upon each party at interest" on November 9, 2000, pursuant to § 48-170, unless IBP can establish that (1) IBP was "free from neglect" and (2) IBP was "prevented from having [its] appeal docketed by the appellate court within the statutory period through the neglect or failure of the proper officer" whose duty it was to ensure that the clerk's office of the Workers' Compensation Court was located in the State Capitol Building. See *Larson*, 120 Neb. at 451, 233 N.W. at 254.

## IBP's NEGLIGENCE

In determining whether IBP was "free from neglect," we are guided by the general rule of law set forth in *Larson*. In *Larson*, the appellant chose to send a transcript for filing in Lincoln through the U.S. Postal Service. The appellant mailed the transcript on October 17, 1930, from Creighton, Nebraska, anticipating that it would arrive the same day, which was 1 day before the final day of the statutory appeal period. However, the transcript did not arrive at the clerk's office until October 20.

Although the court in *Larson* was not squarely presented with the alleged negligence of both the appellant and the court official, as in this case, the court discussed the effect of an agent's negligence in those situations where an appellant's appeal is untimely filed. The court stated:

> The appellant selected the United States mail for the purpose of transporting the transcript from Creighton, Nebraska, to the office of the clerk of the supreme court in Lincoln, Nebraska. . . . The appellant has thus selected the United States mail as his agent to transport and deliver the transcript to the office of the clerk of the supreme court. The agent was selected by the appellant, and the negligence of the agent, if any, was the negligence of the appellant.

*Larson v. Wegner*, 120 Neb. 449, 452-53, 233 N.W. 253, 254-55 (1930). The court found that the appellant's conduct did not qualify for the exception and denied the appellant's motion requesting the court to consider his appeal timely.

The present case is similar to *Larson* in that both IBP and the appellant in *Larson* selected agents to file documents with a

court. IBP selected UPS as its agent to file its application for review. The application needed to be filed by the end of the business day on November 9, 2000, and UPS arrived at the State Capitol Building at 9:53 a.m. that day. At that time, UPS was informed that the clerk's office of the Workers' Compensation Court had relocated. UPS still had the entire day to locate the clerk's office and file the application on time. However, UPS did not discover the location of the clerk's office until 5:29 p.m. As a result, IBP's application for review was not timely filed.

IBP's situation also resembles *Drier v. Knowles Vans, Inc.*, 144 Neb. 619, 14 N.W.2d 222 (1944), another case in which an appellant similarly selected an agent for filing. In *Drier*, an appeal from the justice of the peace court was dismissed because the appellant's required bond for appeal was not filed on time. The appellant's attorney, who could not find the specific street address for the justice of the peace, had chosen to mail the bond 3 days before the filing deadline to " 'Judge Woolsey, Justice of the Peace, Lancaster County, Lincoln, Nebraska.' " *Id.* at 621, 14 N.W.2d at 224. According to the appellant, the "postal authorities first delivered [the bond] to the wrong address and finally to the justice on September 14," 1 day after the filing deadline. *Id.* The appellant argued, inter alia, that the postal authorities were at fault and that the appeal should not be deemed untimely. This court determined that the postal authorities' actions did not excuse the appellant's untimely filed bond, stating, "Having so selected his agent, [the appellant] placed the burden upon that agent to search out and find the justice in Lincoln, Nebraska. The agent performed the task, but too late. The delay here was occasioned by the [appellant's] laches in proceeding as he did." *Id.* at 623, 14 N.W.2d at 225.

We recognize that *Larson* and *Drier* involved the filing of a transcript and bond, respectively, while the present case involves the filing of an application for review. However, the same principles apply equally in each situation.

We determine that in the same way the appellants in *Larson* and *Drier* were not free from neglect, neither was IBP, through its agent, UPS. The record simply does not disclose any reason why, despite having knowledge of the court's relocation at 9:53 a.m., well prior to the close of the court's business day, IBP's

agent could not have located the clerk's office and timely filed the application. In making this determination, we note from the exhibits attached to the parties' stipulation it is clear that the office telephone numbers for the Workers' Compensation Court remained unchanged despite the court's relocation.

In addition to the actions of IBP's agent as discussed above, the stipulation of facts before us shows that for several weeks "before and after the relocation" on March 1, 2000, a "Notice of Relocation" of the Workers' Compensation Court's State Capitol Building offices was "included with every mailing from the Clerk of the Court." This "Notice" clearly stated: "Effective March 1, 2000, the Nebraska Workers' Compensation Court's State Capitol Offices, located on the twelfth and thirteenth floors, will be relocated to the old Federal Courthouse, 129 North 10th Street, Lincoln, Nebraska. Office phone numbers will remain the same." The "Notice" also provided specific instructions for "**DELIVERIES**": "When a physical location address is required (FedX, *UPS*, deliveries, etc.) please use: Nebraska Workers' Compensation Court 129 North 10th Street, Suite 300 Lincoln, NE, 68508." (Emphasis supplied.) The Internet Web site of the Workers' Compensation Court also included a notice "For Immediate Release" dated "02/10/00" which contained the same relocation information and provided identical "UPS" delivery instructions.

The stipulation further shows that the Workers' Compensation Court had been at its relocated address for 8 months 8 days before IBP's attempted filing. During this time, as the stipulation demonstrates, the written call of the Workers' Compensation Court, which clearly identified the new location of the clerk's office, included cases involving IBP on May 24 and August 30, 2000, months prior to November 9, 2000.

For these reasons, we cannot conclude that the delay in filing IBP's application for review was "caused without fault of [IBP and] solely by the act or omission of the court official." See *Larson v. Wegner*, 120 Neb. 449, 452, 233 N.W. 253, 254 (1930). We determine that IBP was not "free from neglect" as required under *Larson* for a court to consider an untimely filed appeal.

### RELOCATION OF CLERK'S OFFICE

Since we determine that IBP was not "free from neglect," it is unnecessary for us to address IBP's assertion that the clerk

of the Workers' Compensation Court was negligent in relocating the clerk's office in violation of § 48-167. Even assuming the clerk was negligent, "if the negligence of the appellant or his agent concurs with that of such a court official, it precludes an appeal." *Larson*, 120 Neb. at 452, 233 N.W. at 254.

## CONCLUSION

We determine that IBP does not qualify for the exception that would allow the Workers' Compensation Court to consider an application for review filed after the prescribed time for appeal in § 48-170. Accordingly, the review panel's order dismissing IBP's appeal for lack of jurisdiction is affirmed.

AFFIRMED.

WRIGHT, J., not participating.