BEN HANSEN, APPELLANT, V. PAXTON & VIERLING IRON WORKS, APPELLEE.

284 N. W. 352

FILED MARCH 3, 1939. No. 30583.

*McKenzie & Dugan,* for appellant.

*Rosewater, Mecham, Shackelford & Stoehr, contra.*

*Kennedy, Holland, De Lacy & Svoboda, Edwin Cassem* and *G. H. Seig, amici curiæ.*

Heard before SIMMONS, C. J., ROSE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

This is an appeal from an order of the district court in a compensation case, sustaining a special appearance and entering a dismissal on the ground of lack of jurisdiction.

Plaintiff instituted proceedings before the workmen's compensation court, and, after a hearing before one of the three judges thereof, his claim was denied and dismissed on its merits. Within fourteen days, he filed a waiver of rehearing and a notice of appeal in the compensation court, and a petition on appeal in the district court. Attached to his petition in the district court, as exhibits, were purported copies of the petition, answer, award, waiver of rehearing,

and notice of appeal in the compensation court. Defendant filed a special appearance, which the district court sustained, objecting to the jurisdiction of the court over its person, on the grounds, (1) that no certified transcript of the pleadings and orders of the compensation court had been lodged in the district court, and (2) that there had been no præcipe for summons filed and no summons issued and served upon defendant out of the district court.

The first question for consideration is whether a certified transcript of the pleadings and orders of the compensation court is necessary to give the district court jurisdiction of an appeal from the decision of one judge of the compensation court, where a rehearing before the full court is waived.

Section 48-174, Comp. St. Supp. 1937, prescribes the general procedure in compensation cases. Subdivisions (1), (2), and (3) make provision for the filing of a petition, issuance and service of summons, and the filing of an answer in the compensation court. Subdivision (4) provides for an initial hearing before one of the judges of the compensation court. Subdivision (5) grants the right to a trial *de novo* either before the compensation court en banc or in the district court. A rehearing or retrial may be had before the full compensation court upon the filing of an application, within fourteen days, "plainly stating the errors on which such party relies for reversal or modification," together with a copy thereof which the court is required to serve immediately upon the other party at interest.

Where such a trial *de novo* has been had before the compensation court en banc, an appeal can be taken to the district court only by filing therein, within fourteen days, "a verified petition setting forth the contention upon which such party relies for reversal or modification, together with a transcript of the pleadings before the compensation court and the orders of said court certified to by the clerk thereof and file within thirty days from the date of said final order a transcribed copy of the testimony and evidence taken before said compensation court, which tran-

script when certified to by the stenographer who made the record and settled by the compensation court as such shall constitute the bill of exceptions." The statute then continues: "Within seven days after the filing of such petition on appeal, a copy thereof shall be served upon the adverse party in the same manner as summons is served as provided in * * * subdivision (2) hereof and return of service shall be made within five days thereafter. Within fourteen days after the filing of the bill of exceptions, the district court * * * shall proceed to hear argument of counsel on the contentions raised in such petition and render judgment thereon according to the form of law: Provided, that a judgment, order or award of the compensation court shall be set aside only upon the following grounds: (1) That the court acted without or in excess of its powers. (2) That the order or award was procured by fraud. (3) That the findings of fact by the court are not supported by the record. (4) That the findings of fact by the court do not support the order or award."

It will be noted that, where a retrial has been had before the full compensation court, the appeal authorized to the district court is limited in scope and is primarily in the nature of an error proceeding. The legislature evidently intended the mode of procedure set out above as the principal channel for disposing of compensation disputes. An alternative but subordinate right to a trial *de novo* in the district court was, however, provided where a retrial before the compensation court is waived. *City of Lincoln v. Nebraska Workmen's Compensation Court*, 133 Neb. 225, 274 N. W. 576. It apparently was a carry over of the right which had existed under the previous statute, in connection with awards of the compensation commissioner, whom the compensation court superseded. While chapter 57, Laws 1935, preserved the right of trial *de novo* in the district court, it abolished the procedure which had been provided therefor by section 48-139, Comp. St. 1929.

The only part of section 48-174, Comp. St. Supp. 1937, expressly dealing with the right to a trial *de novo* in the

district court is in the form of a proviso to a definition of the power of the compensation court to modify or change the findings or award rendered by it on a rehearing, and reads as follows: "Provided, however, that in any case the employer or the injured employee or his dependents, as the case may be, may waive rehearing before the compensation court and in such case any appeal shall be directly to the district court * * * which court shall have the authority to hear and determine the cause as in equity, when the same for all purposes shall be tried as one in equity; and that said appeal to the district court shall be taken and perfected in the same manner as provided for appeals to the compensation court, and in such cases the trial in the district court shall be a trial *de novo*." This proviso is independent of the rest of section 48-174, Comp. St. Supp. 1937, except in its reference that "said appeal to the district court shall be taken and perfected in the same manner as provided for appeals to the compensation court."

Defendant argues that the provision for a certified transcript, required on a review by the district court of an award of the compensation court en banc, is intended to apply equally to an appeal to the district court where rehearing or retrial before the compensation court has been waived. All of the provisions of the statute quoted in the fifth paragraph of this opinion clearly are intended to apply only to cases where a rehearing or retrial is had before the compensation court. The requirement for a transcript is dealt with coordinately and in the same sentence with a requirement for a bill of exceptions. The latter obviously has no application except to a retrial before the compensation court en banc. The joint requirement for a transcript and bill of exceptions shows that it was intended to be limited to appeals in the nature of error proceedings, following a trial before the compensation court en banc.

In addition to this, the language of the statute applicable to an appeal to the district court, where a rehearing before the compensation court is waived, is clear, even though the procedure prescribed may seem informal. An "appeal to

the district court shall be taken and perfected in the same manner as provided for appeals to the compensation court." The right to a review or retrial before the compensation court en banc is referred to in the statute as an appeal to the compensation court. In either the compensation court or the district court the proceedings had are trials *de novo*. It was not unnatural for the legislature to term a resort to either of them as an appeal, nor, since the purpose of both proceedings is the same, to provide identical procedure in obtaining a retrial.

The right to a trial *de novo* in the district court where rehearing is waived in the compensation court, and where notice of appeal is given under section 48-157, Comp. St. Supp. 1937, depends, therefore, not upon the filing of a certified transcript of the pleadings and orders of the compensation court, but upon the filing, within fourteen days, in the district court, of "an application for a rehearing (trial *de novo*) plainly stating the errors on which such party relies for reversal or modification." Since the proceedings before both the compensation court and the district court are trials *de novo,* the statement of errors does not limit the scope of the hearing in the district court, but merely serves to point out the questions or issues which should be given particular attention on the retrial. The records of this court indicate that the interpretation of the statute here adopted is that which has been followed generally by the profession in past proceedings.

While, as has been indicated, the procedure on an appeal to the district court for a trial *de novo* is a bit informal, it is nevertheless adequate, especially if there is attached to the application or petition in the district court copies of the pleadings, orders and other pertinent filings in the compensation court, such as was done in this case. In any event, the district court, of course, has the right to require that the issues be clarified in any necessary way, not as a matter of jurisdiction, but for purposes of orderly disposition.

The next question involved is whether it is necessary, in

order to give the district court jurisdiction on an appeal from the award of one of the judges of the compensation court where a rehearing before the full court is waived, to file a præcipe and have summons issued and served in the district court. The statute makes no such requirement. As has been already pointed out, the procedure prescribed for obtaining a trial *de novo* before the compensation court en banc or in the district court is the same. Section 48-174, Comp. St. Supp. 1937, provides that a copy of the application for rehearing or retrial must be filed, and "the said court shall then immediately serve upon such other parties by mail or otherwise, as elsewhere herein provided, a copy of said application for rehearing." It is the clerk's duty to have such service made, without the necessity for a præcipe. *McIntosh v. Standard Oil Co.*, 121 Neb. 92, 236 N. W. 152.

The final point of defendant is that plaintiff failed to perfect his appeal to this court within thirty days from the judgment of dismissal in the district court. Plaintiff filed a motion for a new trial and perfected his appeal within thirty days from the overruling thereof. While such a motion is not necessary in a compensation case, where one in due form is filed, the time for perfecting an appeal to the supreme court commences to run from the overruling of the motion. *Lincoln Packing Co. v. Coe,* 120 Neb. 299, 232 N. W. 92.

The judgment of the district court is reversed and the cause remanded.

REVERSED.