BERTRAND HENDERSON, APPELLEE, V. GLEN R. WILSON ET AL., APPELLEES: BOLUS J. BOLUS, TRUSTEE, APPELLANT.

291 N. W. 96

FILED MARCH 15, 1940. No. 30873.

*Bolus J. Bolus, pro se.*

*Hamer, Worlock, Randall & Tye, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is a proceeding under the workmen's compensation law in which the trial court dismissed the appeal from the

compensation court on the ground that jurisdiction was never obtained. It is from this order that an appeal was taken to this court.

It appears that plaintiff filed his application in the compensation court to obtain an award of benefits for injuries suffered while in the employ of defendants, the owners and trustees of the Wilson Freight Line. After a trial before one of the three judges of the compensation court, an award to plaintiff was entered. Upon a rehearing before the three judges of the compensation court, plaintiff was again awarded compensation. From this award defendant Bolus appealed to the district court.

The record shows that the final award of the compensation court was entered on July 3, 1939. On July 11, 1939, there was filed in the compensation court a notice of election to appeal. On July 13, 1939, appellant filed his petition praying for a reversal and modification of the award made by the compensation court. Also, on July 13, 1939, appellant filed a præcipe for summons. Summons was issued on July 21, 1939, and returned showing service thereof on July 22, 1939. On the record the trial court sustained a motion to dismiss the appeal.

It is the contention of appellee that, in an appeal from an award made by the three judges of the compensation court, a copy of the petition filed in the district court must be served in the manner that a summons is served in the first instance. The applicable part of the statute provides: "Within seven days after the filing of such petition on appeal, a copy thereof shall be served upon the adverse party in the same manner as summons is served as provided in section 13, subdivision (2) hereof and return of service shall be made within five days thereafter." Comp. St. Supp. 1939, sec. 48-174.

An appeal from an award of the compensation court sitting *en banc* is complete when a petition and transcript are filed in the district court within the fourteen days allowed by the statute. Comp. St. Supp. 1939, sec. 48-174. The duty of serving a copy of the petition upon the adverse

party within seven days after the filing of the petition is imposed on the clerk of the district court. The requirement of a præcipe has no application to a proceeding under the compensation law. *McIntosh v. Standard Oil Co.*, 121 Neb. 92, 236 N. W. 152. It necessarily follows that, inasmuch as the defendant met all the requirements of the compensation law by filing his petition and transcript in due time, the district court obtained jurisdiction, and the failure of the clerk of the district court to carry out the duties enjoined by the compensation law, over which this defendant had no control, does not deprive defendant of his right of review in the district court. *McIntosh v. Standard Oil Co., supra*; *Hansen v. Paxton & Vierling Iron Works*, 135 Neb. 867, 284 N. W. 352.

The right of appeal is a substantial one to be sustained if possible. Technical refinements of interpretation will not be indulged in to defeat an appeal. It is only when the clearly expressed language of statutory requirements for appeal have not been met that a court will dismiss an appeal for want of jurisdiction.

We think the trial court was in error in dismissing the appeal in the instant case.

REVERSED AND REMANDED.