THELMA JOLLIFFE, APPELLANT, V. CITY OF NORTH PLATTE
ET AL., APPELLEES.
297 N. W. 666

FILED APRIL 25, 1941. No. 31121.

*Hoagland, Carr & Hoagland,* for appellant.

*Beatty, Maupin, Murphy & Davis* and *William D. Deakins, Jr., contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

This is a compensation case instituted by the plaintiff to recover compensation benefits, alleged to be due on account of the death of her husband, as the result of accidental injuries arising out of and in the course of his employment as a police desk sergeant for the city of North Platte. The case was originally started in the Nebraska workmen's compensation court May 24, 1940, and issues formed therein. On July 29, 1940, a judge of the compensation court found

against the plaintiff. August 9, 1940, plaintiff filed a waiver of rehearing before the compensation court and notice of appeal to the district court. On the same day the compensation court filed a certificate of the waiver and election in the compensation court and forwarded a copy of the certificate of waiver and election to the clerk of the district court, which was filed in the office of the clerk on the same day. On August 12, 1940, the plaintiff filed a transcript of the proceedings before the compensation court and a petition on appeal in the district court. August 20, 1940, defendants filed a special appearance, contending that the court had no jurisdiction over the persons of defendants, for the reason that the petition as aforesaid was not filed in the district court within 14 days after the order of dismissal made by the workmen's compensation court and plaintiff failed to perfect her appeal within the time provided by law. September 11, 1940, hearing was had on the special appearance, and on October 1, 1940, the district court entered an order sustaining the special appearance of the defendants; hence this appeal. This brings us to the question as to whether or not the plaintiff had perfected her appeal as provided by section 48-174, Comp. St. Supp. 1939.

Plaintiff contends that the district court is vested with jurisdiction in a compensation case, in which a rehearing or retrial is waived before the compensation court, where notice of intention to appeal in the compensation court is filed within 14 days, and that it is not necessary that a petition on appeal be filed in the district court within 14 days from the entry of the order appealed from in the compensation court, citing *Hansen v. Paxton & Vierling Iron Works,* 135 Neb. 867, 284 N. W. 352, and *Bell v. Denton,* 136 Neb. 23, 284 N. W. 751. In the former case this court held:

"To give the district court jurisdiction in a compensation case in which a rehearing or retrial is waived before the compensation court, it is only necessary that there be filed, within fourteen days, a waiver of rehearing and a

notice of intention to appeal in the compensation court, and an application or petition for a trial *de novo* in the district court, setting out the errors on which it is sought to reverse or modify the award of the compensation court." The exact language, above quoted, was adopted in the case of *Bell v. Denton, supra.*

The plaintiff's reasoning is that the failure to place a comma after the words "trial *de novo*" and before the words "in the district court" in the *Hansen* case supports her contention. With this contention we are unable to agree.

The function or effect of punctuation marks contained in statutes or court opinions is reflected by the holding of this court in *Zantow v. Old Line Accident Ins. Co.*, 104 Neb. 655, 178 N. W. 507, that, although punctuation marks may be considered as an aid to the interpretation of a contract, they will not control or change the meaning which may be plainly gathered from the words and their arrangement. The same analysis applies to a statute or an opinion or syllabus of a court stating the law interpreting the statute. In the body of the opinion it was said that there is still much uncertainty and arbitrariness in punctuation. "It is always subordinate to the text, and is never allowed to control its meaning. The court will take the contract by its four corners, and determine its meaning from its language, and, having ascertained from the arrangement of its words what its meaning is, will construe it accordingly, without regard to the punctuation marks, or the want of them. The sense of a contract is gathered from its words and their relation to each other, and, after that has been done, punctuation may be used to more readily point out the division in the sentences and parts of sentences. But the words control the punctuation marks, and not the punctuation marks the words." Cases cited in 13 C. J. 535. The foregoing language is quoted in the above case from *Holmes v. Phenix Ins. Co.*, 98 Fed. 240. See, also, *Holt v. Wilson*, 82 Kan. 268, 108 Pac. 87.

We hold that plaintiff failed to perfect her appeal, as provided in section 48-174, Comp. St. Supp. 1939, and as

held in *Hansen v. Paxton & Vierling Iron Works, supra,* and in *Bell v. Denton, supra.*

Plaintiff contends that she was prevented from having her appeal docketed in the district court within the statutory period through the negligence and failure of the deputy clerk to file the same, as directed by her attorney, and that, under such circumstances, the law will not permit her to be deprived of her appeal.

The record discloses that the deputy clerk of the district court received the papers to be filed shortly after 8 o'clock on the night of August 12, 1940. Some contention is made that she was advised to file the papers as of the date of August 12, and there is some dispute as to whether she was told that it would be all right for her to wait until the next morning, August 13, and have the clerk file such papers as of date August 12. The papers were delivered to the clerk of the district court on August 13 and filed as of August 12, 1940. At the time the papers were delivered to the deputy clerk, the office of the clerk had been locked at 5 o'clock on that evening, so, in any event, the papers were not presented to the clerk for filing until August 13, 1940. The question, as presented, is whether there was negligence on the part of the proper officers, charged with the duty of filing such papers, preventing the plaintiff from perfecting her appeal.

Papers of this nature are filed in the office of the clerk of the district court, in contemplation of law, only when deposited with the proper officer in his office, when they are received by him in his official capacity, and not when delivered to the officer at any other place than in his office, and if such officer receives the same at a subsequent date and indorses them as received on a previous date, his act is ineffectual, especially so when the evidence discloses no negligence on the part of the officer, or officers, in accepting the papers for filing. The statutes do not impose on a deputy clerk of the district court the official duty to receive for filing papers from an attorney at a place away from the office or outside of office hours. In the event the

deputy clerk so receives such papers and subsequently files them in the office of the clerk within the statutory time, it would amount to an accommodation on such officer's part. Otherwise, the deputy's failure to perform some act, not required by statute, will not excuse counsel's failure to file such papers as provided for by law to perfect an appeal. See *Old Colony Street R. Co. v. Thomas*, 205 Mass. 529, 91 N. E. 1006; *Hoyt v. Stark*, 134 Cal. 178, 66 Pac. 223.

Cases cited by plaintiff to support her contention are not applicable to the circumstances in the instant case. In each of such cases the officer failed to perform a duty required of him in his official capacity.

In the case of *O'Brien v. Schneider*, 88 Neb. 479, 129 N. W. 1002, this court said (p. 486) : "A document is filed with an officer when it is placed in his custody and deposited by him in the place where his official records and papers are usually kept." See, also, *Edwards v. Grand*, 121 Cal. 254, 53 Pac. 796.

We conclude the order of the district court in sustaining defendants' special appearance should be affirmed, and plaintiff's petition is dismissed.

AFFIRMED.