MAX GELLER, APPELLEE, v. ELASTIC STOP NUT CORPORATION OF AMERICA, A CORPORATION, AND MARYLAND CASUALTY COMPANY, A CORPORATION, APPELLANTS.

23 N. W. 2d 271

Filed May 31, 1946. No. 32086.

*Chambers & Holland,* for appellants.

*William Niklaus,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

This is a compensation case. From a judgment in the district court for Lancaster County in favor of the plaintiff, Max Geller, the defendants, Elastic Stop Nut Corporation of America, a corporation, and Maryland Casualty Company, a corporation, appeal.

The first question presented for consideration is whether

a certified transcript of the pleadings and order of the compensation court is necessary to give the district court jurisdiction on an appeal from a decision of the full court.

The record shows that appellee filed his petition in the compensation court on February 18, 1944, and from an award entered by Judge Charles E. Jackman appeal was taken to the full court. On October 17, 1944, the full compensation court entered an order dismissing the plaintiff's cause of action.

Thereupon, on October 30, 1944, the appellee filed his petition on appeal in the district court for Lancaster County and attached thereto a copy of the compensation court's order of dismissal of October 17, 1944, but not a transcript of the pleadings before the compensation court and the order of said court certified to by the clerk thereof.

Appellants by special appearance filed November 3, 1944, which was overruled, raised this question and have done so throughout the proceeding.

That part of section 48-182, R. S. 1943, which is applicable here, provides: "* * * within fourteen days thereafter, file with the district court * * * , a verified petition * * * , together with a transcript of the pleadings before the compensation court and the orders of such court certified to by the clerk thereof."

As stated in Henderson v. Wilson, 137 Neb. 693, 291 N. W. 96: "It is only when the clearly expressed language of statutory requirements for appeal have not been met that a court will dismiss an appeal for want of jurisdiction." For a full discussion of statutory requirements to lodge jurisdiction on appeal see Barney v. Platte Valley Power and Irrigation District, 144 Neb. 230, 13 N. W. 2d 120.

In discussing this statutory provision in Hansen v. Paxton & Vierling Iron Works, 135 Neb. 867, 284 N. W. 352, we said: "Where such a trial *de novo* has been had before the compensation court en banc, an appeal can be taken to the district court only by filing therein, within fourteen days, 'a verified petition setting forth the contention upon which such party relies for reversal or modification, to-

gether with a transcript of the pleadings before the compensation court and the orders of said court certified to by the clerk thereof * * * .' "

And in Henderson v. Wilson, *supra*: "An appeal from an award of the compensation court sitting *en banc* is complete when a petition and transcript are filed in the district court within the fourteen days allowed by the statute. Comp. St. Supp. 1939, Sec.48-174 (now section 48-182, R. S. 1943)."

The method of perfecting an appeal to the district court from an order of the compensation court sitting en banc is provided by section 48-182, R. S. 1943. It is a statute with which compliance must be had in order to give the district court jurisdiction on appeal. As such, its provisions are mandatory.

We have not overlooked the fact that appellee, in his petition on appeal, states: "That by way of transcript he attaches hereto and makes a part hereof and marks 'Exhibit A' a multiple original of the final Order of Dismissal on Rehearing in the above entitled cause by the Nebraska Workmens' Compensation Court; and he asks leave to supplement said transcript later by furthur certified copies of papers and proceedings in the Nebraska Workmen's Compensation Court."

However, no showing is made that any officer of the compensation court caused a delay in his securing a certified transcript of the pleadings therein, including the order of said court appealed from. See Larson v. Wegner, 120 Neb. 449, 233 N. W. 253. In fact on November 3, 1944, appellee caused to be filed in the district court, at the time he filed a motion to include the same in the appeal record, a complete certified transcript of all the pleadings and orders in the compensation court in said case. This was filed out of time under the provisions of the statute. But the transcript was certified on October 31, 1944, and within time to have permitted the appellee to have perfected his appeal in the manner as by statute required.

For the reasons herein stated the district court should

have sustained the special appearance and dismissed appellee's appeal and the cause is reversed with directions to the district court to do so.

REVERSED WITH DIRECTIONS.