STEPHEN E. CATHCART, PERSONAL REPRESENTATIVE OF
THE ESTATE OF MARCIA JEAN JONES, DECEASED,
APPELLANT, V. LINDA K. BLACKETER ET AL.,
APPELLEES.
351 N.W.2d 70

Filed June 29, 1984.  No. 82-816.

Ronald H. Stave of Stave, Cavel & Coffey, P.C., for appellant.

Robert G. Fraser and Joseph E. Jones of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee Patrick.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.
On June 22, 1980, at about 1:30 a.m., Marcia Jean Jones was riding as a passenger on a motorcycle driven by defendant Lynn B. Patrick (Patrick) west on Fort Street in Omaha, Nebraska, approaching the

intersection of Fort Street and 105th Plaza. The motorcycle had just passed the crest of a hill east of 105th Plaza and had started down a slight grade. At the same time, defendant Linda K. Blacketer (Blacketer) was driving an automobile east on Fort Street and was approaching the same intersection. Blacketer turned her automobile to the left to enter 105th Plaza in front of the motorcycle, and a collision occurred. Marcia Jones was killed as a result of this collision, and this action was brought by the personal representative of her estate, her brother. Marcia Jones and her brother will be referred to herein as plaintiff.

Plaintiff sued both Blacketer and Patrick, alleging that Blacketer was negligent in the operation of her automobile in various respects, including failure to keep a proper lookout and failure to yield the right-of-way to the motorcycle on which plaintiff was riding by turning left in front of the cycle; and alleging that Patrick was liable to plaintiff, his guest, both because of Patrick's intoxication and because of Patrick's gross negligence, which gross negligence included intoxication as a separate element of the alleged gross negligence.

After jury trial the jury returned a verdict in favor of plaintiff and against Blacketer, and fixed plaintiff's damages at $68,583.25, and a verdict in favor of defendant Patrick on plaintiff's petition against Patrick. Plaintiff timely filed a motion for judgment against defendant Patrick notwithstanding the verdict in his favor, and for an additur to the amount of damages assessed by the jury, which damages were alleged to be inadequate; and, in the alternative, for a new trial in the event the motion for judgment N.O.V. or for additur was denied. Plaintiff's motions were denied, and this appeal followed.

Plaintiff's assignments of error, as argued in the brief, may be summarized as error of the trial court in (1) failing to sustain plaintiff's motion for directed verdict against defendant Patrick, and (2)

failing to sustain plaintiff's motion for additur or, in the alternative, in failing to grant plaintiff's motion for new trial because of the inadequacy of damages awarded. For the reasons hereinafter set out we affirm.

It must be noted that this case is being decided pursuant to Neb. Rev. Stat. § 39-6,191 (Reissue 1978), as existing before that statute was amended effective August 30, 1981. The case, therefore, is a typical "guest" case under our statute above referred to, as in effect on June 22, 1980. Plaintiff's first assignment of error is premised on the proposition, as stated in plaintiff's brief, that "[i]f the plaintiff has proven the intoxication of the defendant, he has proven gross negligence." Brief for Appellant at 17. We cannot subscribe to that proposition. In *Kaufman v. Tripple*, 180 Neb. 593, 597, 144 N.W.2d 201, 205 (1966), we stated:

> The foregoing provision of the guest statute [Neb. Rev. Stat. § 39-740 (Reissue 1960)—the predecessor to, and identical with, § 39-619 in effect in this case] provides for two distinct grounds of recovery. One exists if the host driver is under the influence of intoxicating liquor in which event such driver is liable to a guest for ordinary negligence. The other exists only if the host is guilty of gross negligence.

Similarly, in *Hansen v. Hasenkamp*, 192 Neb. 530, 533, 223 N.W.2d 44, 47 (1974), we said, "Under that [guest] statute, if the host driver is not under the influence of intoxicating liquor, a guest can recover only where there is gross negligence; while if the host driver is under the influence of intoxicating liquor, only ordinary negligence need be proved."

It is therefore settled Nebraska law that in order for a guest plaintiff to recover from a host driver, the plaintiff must prove either (1) that the host driver was intoxicated and was also guilty of some ordinary negligence which proximately caused or contributed to cause the accident or (2) that the

host driver was guilty of gross negligence, which negligence may include the element of intoxication, proximately causing or contributing to cause the accident. Plaintiff generally alleged these elements in the petition.

The facts established at trial showed without dispute, as to the accident itself, that the speed limit at the intersection was 40 miles per hour; that Patrick was operating his motorcycle at either 35 or 40 miles per hour going west; that Blacketer was driving east; that Blacketer turned to her left in front of Patrick's cycle; and that plaintiff died as a result of the ensuing collision.

There was disputed testimony as to the point of impact—defendant's expert witness placing that point in the center of the westbound lane, and plaintiff's expert placing the impact slightly north of the north edge of Fort Street. The two experts and Blacketer estimated the speed of her car at the time of collision at 18 to 20 miles per hour. Patrick remembered seeing the lights of the oncoming car and knew that impact took place, but did not remember anything else until the next day.

There was further conflicting testimony in that while defendant's expert testified there was not enough time for Patrick to apply his brakes before the collision, plaintiff's expert testified that if Patrick had reacted and applied his brakes as he should have the collision would not have happened. In short, with regard to the accident itself, and without regard to the intoxication issue, there was evidence before the jury which, if believed, would support a finding in favor of plaintiff as against defendant Patrick on either ordinary or gross negligence, or, as determined by the jury, in favor of Patrick against plaintiff on both those issues. On the issue of ordinary or gross negligence, the issues were properly submitted to the jury under instructions not complained of.

With regard to the issue of Patrick's intoxication,

it is undisputed that blood samples taken from Patrick some 40 minutes after the accident showed that his blood contained .12 percent blood alcohol content. Based on this undisputed finding, plaintiff contends that the court should have instructed the jury, as a matter of law, that defendant Patrick was intoxicated. Setting aside for the moment the fact that if the jury determined that Patrick was not guilty of even ordinary negligence, his intoxication would be immaterial, it is clear that plaintiff's contention in this regard is also without merit. Plaintiff's position is premised on Neb. Rev. Stat. § 39-669.07 (Reissue 1978), which plaintiff contends "indicates that a person having .10 of 1% or more by weight of alcohol in his body fluid is under the influence of alcoholic liquor." Brief for Appellant at 23. Section 39-669.07 does not so indicate, but instead provides that "[i]t shall be unlawful for any person to operate . . . any motor vehicle . . . when that person has ten-hundredths of one per cent or more by weight of alcohol in his body fluid . . . ." The trial court properly instructed the jury, pursuant to NJI 7.52:

> The operator of a motor vehicle is under the influence of intoxicating liquor if he has, due to the consumption of intoxicating liquor, so lost the control of his body or his mental faculties as to impair to any appreciable degree his ability to operate his motor vehicle in the manner that an ordinarily prudent and cautious man in the full possession of his faculties would operate it.

Plaintiff did not object to this instruction, and indeed could not have complained, since the instruction properly sets out Nebraska law in that regard. There was directly conflicting evidence presented on the question of Patrick's intoxication. Some of this evidence was from persons who observed Patrick during the evening before the accident, and those persons testified that Patrick showed no sign of intoxication. Patrick himself testified that he did not

feel intoxicated and had no difficulty operating his motorcycle.

Two medical doctors testified that a person having .12 percent of alcohol by weight in his body fluid would be suffering an "appreciable impairment" to that person's ability to operate a motor vehicle, and would be "intoxicated." Plaintiff would have us treat the expert opinions as conclusive in this regard. Such is not the law. The fact finder, including a jury, may accept or reject the opinions of an expert witness. See *Smith v. Erftmier*, 210 Neb. 486, 315 N.W.2d 445 (1982).

There was no proper basis on which the trial court could have directed a verdict in favor of plaintiff either on the basis of intoxication or of ordinary or gross negligence, and the trial court was correct in refusing to do so.

With regard to the issue of the adequacy of damages, we are faced with the situation where damages were assessed only against defendant Blacketer. As set out above, we have affirmed the jury's verdict and the court's judgment in determining that defendant Patrick is not liable to plaintiff. The issues between plaintiff and Blacketer were settled before trial by agreement of those parties. Any determination we would make as to the adequacy or inadequacy of the sum of $68,583.25 as proper damages for Christian Jones, aged 11, the only child of Marcia Jones and next surviving kin, would be advisory only. We will not undertake such a task.

The judgment of the trial court is affirmed in all respects.

AFFIRMED.

BOSLAUGH, J., concurs in the result.