KATHLEEN KUTICKA, APPELLANT, V. UNIVERSITY OF NEBRASKA-LINCOLN, STATE OF NEBRASKA, APPELLEE.

418 N.W.2d 593

Filed February 5, 1988.   No. 87-319.

Law Offices of Cobb & Hallinan, P.C., for appellant.

Robert M. Spire, Attorney General, and Janie C. Castaneda, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

In this appeal from a three-judge panel of the Workers' Compensation Court denying appellant compensation, the sole issue is whether the expert testimony of the only medical witness as to causation is binding on the court.

Appellant was employed as a police officer on January 13, 1984, for the University of Nebraska at Lincoln, when an incident occurred which appellant claims caused an injury giving rise to her disability.

A decision favorable to appellant was made at the one-judge hearing. The decision was reversed on rehearing.

In its order, the three-judge panel held in part:

V

Although we believe that on or about January 13, 1984, the plaintiff was thrown to a mat while participating in some training, we do not believe that she suffered an injury which has caused her to incur medical and hospital expense or suffer any disability. Although Dr. Yeakley has expressed an opinion that the injury related by the plaintiff in her history was "probably the instigating cause in her present complaints" (Exhibit 5, 20:5-6) the Court is not bound by such opinion. *Scott v. State,* 218 Neb. 195. The Court simply does not accept the opinion of Dr. Yeakley. We note, as previously mentioned, that the plaintiff missed no time from her employment as a claimed result of her alleged accident until September 12, 1985. This is approximately 20 months after the event. In the meantime, the plaintiff was both a cruiser officer and a foot patrol officer and had attended the Grand Island Police Academy in June and July of 1984, attending all

training. Furthermore, the plaintiff related that in early September of 1985, she was unable to rise after picking weeds in her garden, and it was this event which prompted her to see Dr. Styner. All in all, the plaintiff has simply failed to persuade the Court by a preponderance of the evidence that the events of January 13, 1984, have caused her to incur any expense or have caused her any disability. The petition of the plaintiff should be dismissed.

The findings of fact made by the Workers' Compensation Court after rehearing have the same effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Thom v. Lutheran Medical Center*, 226 Neb. 737, 414 N.W.2d 810 (1987).

In its evaluation of the basis of Dr. Yeakley's opinion, the compensation court attached weight to the timelag between the incident and the onset of symptoms severe enough to prompt medical attention. This it is entitled to do as a weigher of facts. The judgment is not clearly wrong and is therefore affirmed.

AFFIRMED.