ROBIN POORKER, SURVIVING SPOUSE OF GEORGE POORKER, DECEASED, APPELLANT, V. HELLER'S CARBONIC, INC., ET AL., APPELLEES.

423 N.W.2d 792

Filed June 3, 1988.   No. 87-626.

James E. Harris of Harris, Feldman Law Offices, for appellant.

William J. Dunn of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal from a decision of a three-judge panel of the Workers' Compensation Court affirming the judgment of a

single judge of that court. Plaintiff-appellant, Robin Poorker, is the surviving spouse of George Poorker. She filed an application in the compensation court seeking to modify an earlier award in that court in favor of her deceased husband against his employer, Heller's Carbonic, Inc., and the employer's insurance carrier, American Family Insurance Company.

The record shows that plaintiff's decedent, George Poorker, sustained a compensable injury on May 6, 1981, as a result of an accident arising out of, and in the course of, his employment with Heller's. An award in favor of decedent was entered in the Workers' Compensation Court on September 5, 1984.

Decedent was fatally injured in a one-vehicle accident on May 5, 1986. At the time of the accident, decedent was intoxicated. Plaintiff filed her application to modify the award of September 5, 1984. In her application, plaintiff alleged that as a result of the decedent's compensable injuries, decedent suffered constant and severe pain which drove decedent, in order to alleviate the pain, to drink alcohol excessively and to take large doses of pain medication. Plaintiff alleged that decedent did not voluntarily ingest alcohol and pain medication, but was forced to do so because of the nature of the pain and decedent's depressed mental state. Plaintiff further alleged that the vehicular accident and the fatal injuries "were directly and proximately caused by the decedent's extreme intoxication."

Plaintiff's application for modification of the earlier award was denied by a 2 to 1 majority of the panel on rehearing. Plaintiff timely appealed to this court, assigning five errors. We need discuss only one alleged error in affirming the panel's decision.

The theory of plaintiff's case is that decedent was injured in a compensable accident in 1981; that the accident caused decedent severe and unremitting pain; that the pain was such that decedent involuntarily was driven to excessive use of alcohol and pain medication; that in 1986, when the decedent was involuntarily intoxicated, he was fatally injured in a one-vehicle accident; and that the accident and the fatal injuries were directly and proximately caused by the decedent's extreme

intoxication.

With regard to the last step of plaintiff's required proof, the majority of the three-judge panel found:

> Although the plaintiff alleged that the accident and fatal injuries were directly and proximately caused by the extreme intoxication of George Poorker, such allegation of proximate causation was not admitted by the defendants, nor was it made an uncontested fact in the Pretrial Order. No evidence as to the actual cause of the fatal vehicle accident was adduced, the parties apparently assuming that the intoxication of George Poorker was the cause. Notwithstanding the absence of evidence on the vital question of proximate cause of the fatal accident, the Court proceeds to determine the cause on the issues joined as if the parties had stipulated that intoxication was the proximate cause of the vehicle accident.

We hold that it is not necessary to decide this case "as if the parties had stipulated that intoxication was the proximate cause of the vehicle accident," and we need not review the finding of the panel that "[t]he evidence as a whole fails to establish that the deceased's intoxication at the time of his fatal accident was directly and proximately caused by the compensable injury of 1981 and its consequence." As to that issue, we make no determination.

In our review of a workers' compensation case, the findings of fact by the Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Currier v. Roman L. Hruska U.S. Meat Animal Res. Ctr.,* ante p. 38, 421 N.W.2d 25 (1988). A finding with regard to causation of an injury is one for determination by the fact finder and will not be set aside unless clearly wrong. *Kingslan v. Jensen Tire Co.,* 227 Neb. 294, 417 N.W.2d 164 (1987); *Hamer v. Henry,* 215 Neb. 805, 341 N.W.2d 322 (1983). In this case, the panel determined that no evidence was adduced as to the cause of the fatal vehicle accident. We agree. In a workers' compensation case, when causation of the injury resulting in the damages claimed is not established by the evidence, the case must be dismissed. Here, the cause of decedent's death was not established.

The record is virtually silent as to the fatal motor vehicle accident of May 5, 1986. A psychiatrist testified, in letter form, that decedent was aware of the danger associated with driving while intoxicated, but "[i]n spite of this, he frequently drove while intoxicated, and when confronted explained that he just didn't care what happened to him. As a consequence of this pattern, he died in a single car accident on 5/5/86 with a plasma ethanol level of .243." This same witness later wrote, "For a driver with a blood alcohol of .30, there is a 600 times increase [sic] probability of causing an accident." Such conclusions do not establish causation.

Included in the record are four photographs of the damaged pickup which decedent was driving at the time of his death and the police report of the fatal accident. No conclusion, factually supported or not, can be drawn from these items. There was no evidence before the panel to establish the proximate cause of the fatal crash. The possible causes are myriad: a blowout, a mechanical steering malfunction, defective road conditions, third-party involvement, or any number of additional factors. Plaintiff has not established that decedent's intoxication caused the fatal accident, and her case must fail. The panel specifically determined that no evidence as to the cause of the fatal accident was adduced. There was no need to go beyond that point. The judgment of dismissal is affirmed.

AFFIRMED.