STANLEY J. TATARA, APPELLANT, V. NORTHERN STATES BEEF
COMPANY, APPELLEE.

430 N.W.2d 547

Filed October 21, 1988.   No. 88-081.

Jeffrey A. Silver, of Silver, Wieland & Haas, for appellant.

Melvin C. Hansen and Allen J. Potts, of Hansen, Engles & Locher, P.C., for appellee.

HASTINGS, C.J., WHITE, and CAPORALE, JJ., and REAGAN, D.J., and COLWELL, D.J., Retired.

CAPORALE, J.

On rehearing, the Workers' Compensation Court implicitly found that plaintiff-appellant, Stanley J. Tatara, sustained personal injury in an accident arising out of and in the course of his employment with the defendant-appellee, Northern States Beef Company, but, contrary to Tatara's assertion and the court's ruling on initial hearing, expressly found that he suffered no permanent disability as a result of that accident. Tatara assigns as errors the failure of the compensation court to find (1) it lost jurisdiction to rehear the matter and (2) Tatara suffered permanent partial disability. We affirm.

The evidence establishes Tatara injured his back while trying

to move a piece of meat on July 7, 1982. Thereafter, he experienced intermittent periods during which he could not work and was treated by a board-certified orthopedic surgeon until April 25, 1983, when the surgeon recommended 4 to 6 more weeks of light duty and the use of a back support. Tatara had returned to work as a trimmer in March, and eventually returned to his original work as a bandsaw operator in August or September of 1983.

From April 1983 until May 1985, Tatara did not consult any physicians, suffered no back pain, and was able to fully perform his job duties. During this time, he thought that his back was healed and that he was in the same physical condition he had been in before the July 1982 mishap. He testified that his endurance and ability to lift, bend, squat, climb, sit, stand, walk, carry, reach, and crawl were the same as before the accident. In May 1985, Tatara left his job at Northern States and began work as a dump truck driver for another employer.

On November 12, 1985, he was involved in an automobile accident and, because of back pain, returned to the orthopedic surgeon who had treated him earlier. By April of 1986, the surgeon was of the opinion that Tatara suffered a permanent 15-percent impairment of the body as a whole because of lumbar disk disease. The surgeon was also of the opinion that 12 percent of the impairment was the result of the July 7, 1982, injury, and the balance was the result of the November 12, 1985, injury which aggravated his preexisting condition.

On initial hearing, Tatara was awarded 12 percent permanent partial disability of the body as a whole. Northern States timely filed its application for rehearing on July 24, 1987, after which it appears a settlement conference was held. The rehearing resulting in the order from which this appeal has been taken was held on September 10, 1987, and the compensation court rendered the order in question on December 22, 1987.

Tatara's assertion that the compensation court lost jurisdiction to rehear this matter rests on Neb. Rev. Stat. § 48-179 (Cum. Supp. 1986), which provides, in relevant part, that when an application for rehearing has been filed, the court, if a settlement conference is held, "shall hear the cause within forty-five days" of the filing of the application. The statute also

provides, in further relevant part, that the court "shall make its findings, order, award, or judgment, determining the issues" within 14 days after the rehearing. The rehearing was held on the 48th day after the application for such was filed, and the court did not render its order until 103 days later; thus, a total of 151 days elapsed from the filing of the application for rehearing to disposition, rather than the 59 days contemplated by the statute.

In *Cole v. M. L. Rawlings Ice Co.*, 139 Neb. 439, 297 N.W. 652 (1941), we held that the failure of the district court to try an appeal from the compensation court within 14 days as specified by then Comp. Stat. § 48-174 (Supp. 1939) did not defeat the rights of the appellant, who had completed all the requisite steps to perfect her appeal, and the district court thus had jurisdiction to entertain the appeal. Similarly, *Henderson v. Wilson*, 137 Neb. 693, 291 N.W. 96 (1940), held that the failure of the clerk of the district court to serve a copy of appellant's petition on appeal from an order of the compensation court upon the adverse party as required by statute did not defeat the district court's jurisdiction. See, also, *Hartman v. Glenwood Tel. Membership Corp.*, 197 Neb. 359, 249 N.W.2d 468 (1977); *Local Union No. 647 v. City of Grand Island*, 196 Neb. 693, 244 N.W.2d 515 (1976); *McCoy v. Gooch Milling & Elevator Co.*, 156 Neb. 95, 54 N.W.2d 373 (1952). The situation, of course, is otherwise when an appellant himself or herself fails to complete the statutory steps for perfecting an appeal. Thus, in *Geller v. Elastic Stop Nut Corporation*, 147 Neb. 330, 23 N.W.2d 271 (1946), the failure of the appellant to file a transcript as required by statute defeated the district court's jurisdiction to entertain an appeal from the compensation court. The reason for the difference is obvious; an appellant controls his or her own actions but does not control a court's actions. Cases cited by Tatara, which construe the word "shall" to be mandatory in contexts other than the failure of a tribunal to act within statutorily specified times, are inapposite.

Thus, the language of § 48-179 specifying the time within which the compensation court shall hear and determine the issues presented by an application for rehearing is directory only and not mandatory. Therefore, the compensation court's

failure to perform its functions within the times specified by that statute does not defeat the rights of an appellant who has seasonably filed an application for rehearing by that court.

Tatara next complains that in the face of the absence of countervailing expert opinion, the compensation court, on rehearing, erred in refusing to accept and be bound by the orthopedic surgeon's unequivocal expert testimony that he, Tatara, suffered a 12-percent permanent partial disability of the body as a whole as a result of the injuries sustained on July 7, 1982. This complaint overlooks the legal reality that in workers' compensation cases, issues with regard to the cause of injury and disability are matters of fact to be determined by the compensation court, which sits as the finder of fact. See, *Poorker v. Heller's Carbonic*, 228 Neb. 729, 423 N.W.2d 792 (1988); *Fees v. Rivett Lumber Co.*, 228 Neb. 617, 423 N.W.2d 483 (1988).

The complaint also overlooks the legal reality that just as other fact finders are not bound to accept the opinions of experts, *Joyner v. Steenson*, 227 Neb. 766, 420 N.W.2d 278 (1988), *Cathcart v. Blacketer*, 217 Neb. 755, 351 N.W.2d 70 (1984), and *Airport Inn v. Nebraska Equal Opp. Comm.*, 217 Neb. 852, 353 N.W.2d 727 (1984), neither is the compensation court. *Kuticka v. University of Nebraska-Lincoln*, 227 Neb. 565, 418 N.W.2d 593 (1988); *Mulder v. Minnesota Mining & Mfg. Co.*, 219 Neb. 241, 361 N.W.2d 572 (1985).

Tatara attempts to distinguish the *Kuticka* holding on the bases that in *Kuticka*, the expert opinion on the issue of causation was not expressed as unequivocally as was the opinion in this case and that the plaintiff Kuticka had missed no time from work until 20 months after the accident, whereas Tatara was off work immediately after the subject accident. The fact remains, however, that the *Kuticka* court noted the compensation court's statement that it "simply [did] not accept the opinion." 227 Neb. at 566, 418 N.W.2d at 594.

As so frequently noted and recently reaffirmed, the findings of fact made by the compensation court have the same effect as a verdict and will not be set aside unless clearly wrong. *Kleiva v. Paradise Landscapes, post* p. 234, 430 N.W.2d 550 (1988); *Elliott v. Midlands Animal Products*, 229 Neb. 823, 428

N.W.2d 920 (1988); *Kingslan v. Jensen Tire Co.,* 227 Neb. 294, 417 N.W.2d 164 (1987); *Mendoza v. Omaha Meat Processors,* 225 Neb. 771, 408 N.W.2d 280 (1987). The record provides no basis on which we can conclude the compensation court's factual finding on the issue of the cause of Tatara's disability is clearly wrong.

The record failing to sustain either of Tatara's assigned errors, we affirm.

AFFIRMED.